## CICERO SMITH ET AL. v. O. A. PITTS ET AL.

### Decided October 14, 1909.

**1.—Contract—Agency—Option.**

Contract construed and held to show that the parties thereto intended that the party of the second part should become a special agent of the party of the first part with certain powers to sell the land therein described, and that the same was not intended as an option to the party of second part to buy the said land.

**2.—Same—Principal and Agent—Right to Transfer Duties.**

When the relationship of principal and agent is established between parties, the principal can not transfer to another the duties and obligations resting upon him under the contract, and so compel the agent to accept the transferee as his principal.

**3.—Same—Deed—Warranty.**

An agreement by one party to make a deed of conveyance with covenant of warranty can not be fulfilled by tendering a deed from some one else. Rights growing out of contract which involve relations of personal confidence can not be transferred by either party without the consent of the other.

**4.—Same—Fraud.**

A contract induced by false representations is not binding on the party accepting it.

**5.—Verdict—Judgment.**

A court has no right to pass upon any issue of fact upon which the jury has failed to return a finding, no matter how conclusive the evidence may be.

Appeal from the District Court of Palo Pinto County. Tried below before Hon. W. J. Oxford.

*Gross & Allen* and *C. H. Willingham,* for appellants.—A court should not direct a jury what verdict to return upon an issue, unless the evidence is undisputed and of that conclusive nature that leaves no room for ordinary minds to differ as to the conclusion to be drawn from it. The court is not justified in taking the issue of fact from the jury, except in case the evidence is such that no issue is made for the jury to determine. Choate v. San Antonio & A. P. Ry. Co., 90 Texas, 82; Stevens v. Masterson's Heirs, 90 Texas, 417; Mustain v. Stokes, 90 Texas, 358; Grand Trunk Ry. Co. v. Ives, 144 U. S., 417; Richmond & D. Ry. Co. v. Powers, 149 U. S., 42-44.

The intention of the parties to a contract should be ascertained from the language used, and the court should not construe the same to include obligations not intended by the parties. The express mention of certain things excludes all others not mentioned. Simpkins on Contracts, rule 2, p. 223; rule 14, p. 225; Fairbanks v. Simpson, 28 S. W., 128; Smith v. Brown, 66 Texas, 543.

By the terms of the contract of January 30, 1907, the Hagelsteins and Smith reserved the right to sell any of the lands described therein, and had the right under said contract to sell any part or all of it to the Wylies or any other person. And plaintiff's cause of action would have been against the Hagelsteins and Smith for part of the consideration of such sale, or for damages for selling at a different price than agreed on in said contract. Smith v. Brown, 66 Texas. 543.

The court erred in not rendering judgment in favor of R. K. Wylie and Mrs. Mollie Modenia Wylie against defendant, Cicero Smith, for one-half of the amount of the judgment rendered against them in favor of C. and G. Hagelstein.

*J. B. Haynes* and *Ramsey & Odell,* for appellee.

HODGES, ASSOCIATE JUSTICE.—Appellee O. A. Pitts instituted this suit in the District Court of Palo Pinto County, against C. and G. Hagelstein and Cicero Smith, seeking to recover $2,000 paid to them on the 30th day of January, 1907, under a contract of that date, by the terms of which Pitts was appointed an agent to sell certain lands under the control of the defendants in the suit. It is alleged

that he agreed to sell for the defendants, within twelve months from that date, two thousand acres of land known as a part of the Wylie ranch in Runnels County, Texas; that he paid to the Hagelsteins and Smith the $2,000 upon condition and with the understanding that in the event he performed his part of said contract the money was to be refunded. It is also alleged that the Hagelsteins and Smith were under contract to purchase this land from R. K. Wylie and wife, and that his contract with the Hagelsteins and Smith was made dependent upon the consummation of the sale of the Wylie ranch to the Hagelsteins and Smith. It is claimed that this sale was not consummated, and for that reason plaintiff is entitled to the return of the $2,000.

The defendants Hagelstein answered by general denial, and in substance that the contract made with Pitts on January 30, 1907, granted to him an option to acquire and sell the lands described in this contract, and that the $2,000 was paid for that option; that the contract was contingent upon the consummation of the sale of the ranch by the Wylies to them, and if not consummated the $2,000 was to be returned to Pitts; that Wylie and wife on April 13, 1907, by written instrument revoked the contract of sale with them, the Hagelsteins, which said Wylies had no right to do. They further pleaded that Wylie and wife and Smith had entered into an agreement with them by the terms of which Smith and the Wylies assumed to carry out the obligations of the Hagelsteins as contained in the contract with Pitts, and of which Pitts had full notice, and asked that Wylie and Smith be made parties to the suit, and in the event judgment was recovered against them, the Hagelsteins, that they have judgment against the Wylies and Smith for the same amount.

Cicero Smith answered by general denial, and, among other things, specially alleged that he was ready and willing to carry out the terms of his contract with Pitts, but that Pitts had never performed his contract or offered to do so in any way; that the contract of purchase of the Wylie ranch by him and the Hagelsteins was consummated, and the Wylies thereafter repurchased from the Hagelsteins their one-half undivided interest in the same; that thereafter he, Smith, owned an undivided one-half interest in the ranch and the Wylies the other half; that in the repurchase from the Hagelsteins by the Wylies the latter acquired the interest of the Hagelsteins in all the contracts of sale of said land which had been made, among which was a contract with the plaintiff Pitts. Smith also pleaded that in the event the plaintiff recovered a judgment against him he have judgment over against the Wylies for one-half of the amount.

The appellants R. K. Wylie and wife answered by general denial, and adopted all of Smith's original answer except wherein he asks judgment against them, and also adopted that part of the answer of the Hagelsteins which sets up the contract of sale of the Wylie ranch to them and Smith, and that by the terms of the same the Wylies had no authority to revoke the contract. They pleaded that they contracted in writing to sell the Wylie ranch to Smith and the Hagelsteins, and that on the 6th day of April, 1905, they repurchased the interest of the Hagelsteins, taking their deed for the same, but Smith retained his half interest. They professed to be willing and able to

carry out all the contracts of sale made by the Hagelsteins. They further alleged that while negotiating with the Hagelsteins for the repurchase of their interest in the ranch, the latter represented to them that they had made a number of sales of the land to divers persons, a list of which was furnished at the time. In this was listed a contract for the sale of two thousand acres of land to Pitts, the plaintiff in this suit. The Hagelsteins claimed that they did not then have the Pitts contract with them, and fraudulently and falsely represented to them that the contract made with Pitts was a *bona fide* contract of sale, and that Pitts had placed in their hands a forfeit of $2,000 which was to go to the owners of the land in the event he failed to comply with the terms of his purchase. They alleged that as a part of the consideration paid by them to the Hagelsteins for their deed back to said land and the transfer of the contracts of sale and commissions claimed by the Hagelsteins, they allowed them a credit of $2,000 for the alleged sale made to Pitts, and that relying upon the representations made by the Hagelsteins that their contract with Pitts was a valid *bona fide* sale, they paid the Hagelsteins $1,750 as a commission of five per cent on the sale which the latter claimed to have made to Pitts. This they charge was a fraud perpetrated upon them by the Hagelsteins, and that they were thereby defrauded by said Hagelsteins out of the commission amounting to $1,750; that said false representations were wilfully and fraudulently made for the purpose of defrauding them of that sum; that the contract between the Hagelsteins and Smith and Pitts was secreted and kept from these defendants until some time after they had repurchased the interest of the Hagelsteins in said ranch. They further plead that an instrument of April 6, 1907, wherein it is stated that the contracts listed therein are received by them, the Wylies and Smith, did not speak the truth; that in truth and in fact at the time of the execution of that instrument they did not receive the Pitts contract, nor did they receive the money mentioned in said contract, but the sum was retained by the Hagelsteins. The Wylies also allege that Smith owns a one-half interest in the lands and they the other half, and pray that Smith, the Hagelsteins and the plaintiff take nothing against them, but if judgment be rendered against them that they have judgment against the defendants Hagelstein for $1,750 and for costs of suit.

At the conclusion of the testimony the trial court instructed the jury to return a verdict in favor of Pitts against the Hagelsteins and Smith for the full amount sued for, and in favor of the Hagelsteins against the Wylies and Smith for the same amount. Judgment was rendered for and against the respective parties in accordance with the verdict. The judgment also provided that in the event Smith paid off the judgment, execution issue in his favor against the Wylies for one-half of the amount recovered by the plaintiff in the suit. Smith and the Wylies alone have appealed, and have filed separate appeal bonds and presented separate assignments of error.

The testimony shows that R. K. Wylie and his wife originally owned a large body of land situated in Runnels County known as the Wylie pasture. On December 12, 1906, Wylie and wife entered into a written contract with the Hagelsteins and Smith, by which, for a recited

consideration, they agreed to sell and convey to the latter several thousand acres of that land. This contract was duly acknowledged and recorded. On January 30, 1907, the Hagelsteins and Smith, claiming to be a partnership firm, entered into a written contract with Pitts, the appellee, by the terms of which Pitts acquired certain rights from those parties as to the sale of two thousand acres of the Wylie land, and deposited with the Hagelsteins and Smith the sum of $2,000 to be forfeited in the event he failed to perform the conditions of the contract, and to be returned to him under certain other specified conditions. This suit is for the recovery of that sum, and is based upon the contention by Pitts that the conditions occurred which justified him in asking for its return. In as much as his right to the recovery must depend upon the construction of the contract last above referred to, it is proper that we give such portions of that contract as bear upon the issues involved. Omitting those portions which are not material, the contract is as follows:

"State of Texas, County of Tom Green.

"This agreement, made and entered into by and between the firm of Hagelstein and Smith, composed of Chris Hagelstein and George Hagelstein of San Angelo, Texas, and Cicero Smith of Mineral Wells, Texas, parties of the first part, and O. A. Pitts, of Grandview, Texas, party of the second part, witnesseth: That the parties of the first part, for and in consideration of the sum of $2,000 cash in hand paid, have sold to second party an option on certain land hereinafter described, said option to last twelve months from the date hereof, and in the event that the conditions of this contract hereinafter set out are kept and fulfilled by second party, then said $2,000 shall be returned to said second party, but not otherwise. The conditions of this contract are as follows, to wit:

"First. Whereas, the first parties hereto are under contract to purchase the R. K. Wylie ranch located in Runnels County, Texas, about 6 miles N. W. from Ballinger, Texas, on the Colorado River, it is understood and agreed by both parties to this contract, that this contract shall be contingent on the final consummation of the contract of sale of said R. K. Wylie ranch, and in the event that said sale is not consummated, then said $2,000 is to be returned in full to said second party. Under this understanding and agreement the said parties hereto do agree that the said O. A. Pitts, party of the second part, is appointed agent of the parties of the first part under the following terms and conditions, to wit: The said O. A. Pitts, party of the second part, agrees to contract and sell to bona fide purchasers for the said parties of the first part, all of the land contained in the following tracts, according to the new subdivision of the said Wylie ranch, to wit:" Then follows a description of the land. The second and third paragraphs fix the price to be paid and terms of sale.

"First party agrees to make warranty deed and furnish abstract to each tract of land sold by second party, showing good and sufficient title to said land, within 90 days after being notified by second party that sale has been made.

"If any other and different terms for sale of said land shall be made by the second party, it shall be by approval of the first parties.

"The parties of the first part are to have the benefit of the unfenced and unsold land above described until the completion of this contract, and they are to have all growing crops now on said land.

"In the event that any contract for the sale of any of said land above mentioned shall be made by the parties of the first part or the party of the second part, and the proposed purchaser shall have been required to put up a forfeit and that said amount of said forfeiture or liquidated damages shall be collected, then the same shall at once be equally divided between each party hereto.

"The power herein conferred upon the party of the second part shall cease on the 25th day of February, 1908, and after such date he shall no longer have power or authority to bind the parties of the first part for any contract of sale hereunder, and nothing shall hereinafter be done under this contract except by mutual consent, save the final settlement between the parties hereto."

On April 13, 1907, Wylie and wife executed an instrument called a "revocation of contract," in which it was recited that by reason of the fact that the Hagelsteins had failed and refused to carry out or complete their contract of December 12, 1906, but had made default as to the same, they, the Wylies, thereby "announced and declared said contract had not been complied with by said Hagelsteins in any particular, and that the same was at an end and of no further force and effect," and that the Hagelsteins had no further rights or claims upon the land referred to in the contract of December, 1906. This instrument was acknowledged and recorded in the deed records of Runnels County.

On the 26th day of April, 1907, C. and G. Hagelstein executed a written instrument reciting the contract of December 12, 1906, with the Wylies, and that it had been "mutually agreed" between them and the Wylies that the same should be "forfeited, canceled and held for naught." It is then stated that for and in consideration of the sum of ten dollars and other good and valuable consideration paid by Wylie and wife to them, C. and G. Hagelstein, the latter "do release, remise, quitclaim and acquit all their right, title and interest in and to all the lands conveyed or agreed to be conveyed to them by Wylie and wife," and also releasing Wylie and wife from any obligation theretofore made to convey to them the lands before referred to. This instrument was acknowledged and recorded in the deed records of Runnels County.

All the appellants complain of the action of the trial court in instructing a verdict in favor of Pitts against the Hagelsteins and Smith. They contend that the contract of January 30, 1907, between the Hagelsteins and Smith on the one side and Pitts on the other, was the sale of an option to Pitts on the land described, and that when the Wylies, the real owners, stood ready to make to Pitts a conveyance, the latter was bound to take it or lose his forfeit of $2,000 by the terms of his contract. We do not agree to this construction of the contract of January 30, 1907. While the instrument is not entirely

free from ambiguity, a fair interpretation, considering all of its provisions, shows that the parties intended that Pitts should become a special agent with certain powers to sell the particular tracts of land referred to during the time specified, and that in the event he failed to comply with his undertaking he was to forfeit the deposit of $2,000 made with the Hagelsteins and Smith. If this construction be correct, then it follows that the relation thereby created between the parties were of a personal nature and that the Hagelsteins had no authority to transfer to Wylie and wife any of their duties and obligations in such a way as to compel Pitts to continue with the Wylies business relations commenced under the contract with the Hagelsteins.

But we think it is immaterial whether we regard this contract in that light, or as the purchase by Pitts of an option on the two thousand acres of the Wylie land, and the deposit of the $2,000 as the payment of a part of the purchase money to be forfeited upon the failure to complete the purchase. It clearly appears from Pitts' contract that the Hagelsteins and Smith did not at that time own the land involved, but only had a contract with the owners by which they were to acquire the title at some time in the future; and it was expressly provided that this contract (the one with Pitts) should be contingent upon the consummation of that contract (the one between the Hagelsteins and Smith and the Wylies), and in the event that that sale was not consummated then the $2,000 deposited by Pitts was to be returned in full to him. The evidence is undisputed that this sale from the Wylies to the Hagelsteins and Smith was never consummated; that the contract by which the Wylies had bound themselves to make the sale had been cancelled by agreement of all the parties concerned, except Pitts. By their contract with Pitts the Hagelsteins also bound themselves to make warranty deeds and to furnish abstracts of title to the land when sold by Pitts. This was a personal undertaking upon their part to do something which they could not shift to others without the consent of Pitts. Their agreement to make a deed of conveyance with warranty was not fulfilled by tendering a deed from some one else. It may be that the purchaser, Pitts, had special reasons for wanting the warranty of the Hagelsteins. Their contract with him, and the conditions upon which the deposit was to be retained by them, was that they should acquire the title and make the conveyances, and they had no right to substitute a conveyance from another without the consent of Pitts; neither was he bound to accept a deed from one from whom he had not purchased. Rights growing out of contracts which involve relations of personal confidence can not be transferred by one party without the consent of the other. (Menger v. Ward, 87 Texas, 622; Burks v. Davies, 85 Cal., 110, 20 Am. St. Rep., 213.) The contract of warranty, usually contained in deeds conveying real estate, involves a personal obligation upon the part of the grantor to which the grantee has a right, and which can not be denied him or shifted to another without his consent. If the Hagelsteins could fulfill their contract by tendering the deed of the Wylies, they might with equal propriety have fulfilled it by tendering the deeds from any remote purchaser from Wylie, however irresponsible he may have

been and however much Pitts may have been induced to make his contract by reason of the solvency of the Hagelsteins, from whom he contracted to obtain the conveyance. We think the court properly instructed the jury to return the verdict in favor of Pitts against Smith and the Hagelsteins.

Complaint is also made of the peremptory instruction to return a verdict in favor of the Hagelsteins against Smith and the Wylies. The testimony shows that in April, 1907, there was a settlement between the Hagelsteins and Smith and the Wylies, and that the Hagelsteins made a report showing sales of land belonging to the Wylies and Smith amounting in the aggregate to $221,000, based upon contracts with prospective purchasers. At the same time the Hagelsteins turned over to the Wylies and Smith the contracts evidencing those sales, together with several thousand dollars of money which had been placed upon deposit with them as part payment of the purchase price of the land sold or as the purchase of options. In this report of sales was included the contract with Pitts, based upon the claim that it was a sale to him of two thousand acres of land at $17.50 per acre. The $2,000 which had been deposited by him was also accounted for to Smith and Wylie, and they were charged up with a commission of five per cent, amounting to $1,750, for making the alleged sale to Pitts. Wylie and his attorney and Smith testified, and they do not seem to have been contradicted, that the contract with Pitts was not among the list of those actually delivered to them at the time of the settlement, and they did not know its contents till some weeks later and after the settlement had been made. If this be true, Wylie and Smith were not bound by the acceptance of that contract as one of a sale, and the Hagelsteins had no right to recover from Smith and Wylie any sum in excess of the difference between their commissions, $1,750, and that which they paid or accounted for to the Wylies. We think the court erred, therefore, in giving the peremptory instruction to find against Smith and the Wylies in favor of the Hagelsteins for the sum of $2,000.

It may not be improper to remark in this connection that there is no basis in the finding of the jury for the judgment rendered by the court in favor of Smith against the Wylies in the event Smith should pay off and discharge the judgment rendered against them jointly in favor of the Hagelsteins. The court has no right to pass upon any issue of fact upon which the jury has failed to return a finding, no matter how conclusive the evidence may be. (Moore v. Moore, 67 Texas, 296; Texas Brewing Ass'n v. Meyer, 38 S. W., 263.)

That portion of the judgment wherein Pitts recovers for the amount sued for against Smith and the Hagelsteins is affirmed. In all other respects the judgment is reversed and the cause remanded.

*Affirmed in part and reversed in part.*