TURNER–CUMMINGS HARDWOOD CO. et al v. PHILLIP A. RYAN LUMBER CO. et al. (No. 304.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 22, 1918.)

1. JUDGMENT ⟨⟩256(5)—CONFORMITY TO VERDICT—PARTIES.

Judgment not conforming to the verdict, as required by Rev. St. art. 1994, in respect to the parties, was erroneous.

2. JUDGMENT ⟨⟩256(1)—CONFORMITY TO VERDICT.

Judgment should be in conformity with the verdict, whether it be correct or not, and whether the error therein, if any, arose from erroneous instructions or from misinterpretation of the evidence by the jury, for the act of the judge in entering judgment upon the verdict is merely ministerial, and the court cannot pass on any issue of fact on which the jury has failed to return a verdict or finding, no matter how conclusive the evidence may be.

3. LOGS AND LOGGING ⟨⟩8(5)—ACTION FOR BREACH OF LOGGING CONTRACT—QUESTION FOR JURY.

In an action for breach of contract to pay for logs hauled, where evidence was conflicting as to which party breached the contract, the court erred in peremptorily instructing for defendant.

4. CONTRACTS ⟨⟩313(2) — ANTICIPATORY BREACH.

The mere notice of an intention to breach a contract in the future, at a time when the contract is in the course of performance, and is actually being performed, is not sufficient to justify the other party to the contract to declare the contract breached.

Appeal from District Court, Angelina County; L. D. Guinn, Judge.

Action by C. N. Cummings and another, a partnership known as the Turner-Cummings Hardwood Company, against the Phillip A. Ryan Lumber Company, in which C. H. Harrell and John F. Renfro were brought into the case by plaintiffs. From a judgment, plaintiff and Renfro appeal. Reversed and remanded.

Denman & Thomas, of Lufkin, for appellants. Mantooth & Collins, of Lufkin, for appellees.

KING, J. This suit was brought on December 18, 1916, by C. N. Cummings and P. B. Turner, who composed the partnership firm of Turner-Cummings Hardwood Company, hereinafter referred to as the "hardwood company," against Phillip A. Ryan Lumber Company, hereinafter referred to as "lumber company," a private corporation, John F. Renfro and C. H. Harrell, seeking to recover the sum of $2,500 for logs delivered under the contract, and damages against Phillip A. Ryan Lumber Company arising from its alleged breach of the contract between the hardwood company and the lumber company, by the terms of which the hardwood company agreed to deliver to the lumber company's sawmill 1,500,000 feet of timber, at a stipulated price per thousand, and the lumber company obligated itself to pay, on the 10th of each month, for the logs hauled by the hardwood company during the previous month. There were other stipulations in the contract, which is quite lengthy, but they are not material to the disposition of this case.

The hardwood company alleged that it delivered about 1,085,000 feet, when it was prevented from delivering the balance of said timber on account of the breach of the contract upon the part of the lumber company, in that, among other things, the lumber company did not pay, on the 10th of the month, as it had contracted to do, the hardwood company claiming $1,242.38 damages as reasonable profits that they would have realized had they been permitted to have delivered the rest of the timber under the contract, and for the sum of $2,500 alleged to have been due and withheld by the lumber company for logs already delivered.

C. H. Harrell and John F. Renfro were brought into the case by plaintiffs in the nature of an impleader that they might be adjudged to recover the sums of money due them growing out of the contract in question for timber which had been delivered; Renfro being the owner of the timber which the hardwood company were delivering, the hardwood company having bought the timber from Renfro some time previously. Renfro retained a lien upon the timber for its payment, but by virtue of a stipulation in the contract between the hardwood company and the lumber company, to the effect that the lumber company should settle with him on the 10th of each month, as specified in the contract between the lumber company and the hardwood company, for the value of the timber cut, instead of paying said amount to the hardwood company. C. H. Harrell actually hauled the timber under a contract with the hardwood company, and in the contract between the lumber company and the hardwood company, it was provided that he should be paid direct by the lumber company instead of by the hardwood company on the 10th of each month, as specified in the contract between the lumber company and the hardwood company. Harrell did not have a contract with the hardwood company to deliver the 1,500,000 feet, but only about 100,000 feet of same, and he in all things complied with his contract with the hardwood company, and quit delivering logs on the 14th day of November, 1916.

The lumber company filed its answer, in which it admits the contract set out by the

hardwood company and J. F. Renfro, but for avoidance it pleaded that the hardwood company and Renfro, long prior to November 16th, gave notice to it that they would, at a future date, cease to deliver logs, and further said that the hardwood company and Renfro did actually fail to deliver 500,000 feet, and thereby became liable to it in the sum of $2,500, as liquidated damages, as provided in a bond executed by the hardwood company to the lumber company, with C. N. Cummings, one of the members of the company, and John F. Renfro, as sureties, the provisions of which bond guaranteed the faithful performance of the contract by the hardwood company. In other words, the effect of the pleadings is that the hardwood company claimed that they could not deliver the balance of the logs, because the lumber company had breached its contract with reference to payments, rendering it unable to further deliver logs, while the lumber company claimed that on account of the failure of the hardwood company to deliver the logs according to the contract, that it withheld the sums of money claimed by the hardwood company as liquidated damages. The lumber company also charged that the hardwood company and Renfro fraudulently and willfully conspired to breach the contract, for the reason that they were not willing to pay the additional cost which would have been incurred in delivering the balance of the timber.

Harrell admitted the contract between the hardwood company and himself, but insisted that he had complied with the same, and that there was due him $1,464.07, which he insisted that the lumber company had no right to withhold from him, but that under the bond from the hardwood company to the lumber company it was protected. He asked judgment against the hardwood company, and asserted a lien.

Renfro answered and admitted the contract as pleaded by the hardwood company, and declared that it was due him $1,225.35 on the contract; that he released his lien upon the timber with the distinct understanding that he was to be paid his stumpage promptly, and charged that the lumber company hindered and delayed the hardwood company and Harrell in carrying out the contract; that the mill was not operated to its full capacity by the lumber company according to the contract, and that it did not meet the payments of the purchase price of the timber as it had agreed, and but for such all the timber would have been delivered long before the institution of the suit. He pleaded that he was solvent and could be made to respond as surety on the hardwood company's bond to the lumber company for any breach by the hardwood company, and he prayed for the recovery of $1,225.35 against the lumber company, or such other sum as may be found to be due for said timber, with interest, and that he have judgment over and against the

hardwood company for such amount as the lumber company should recover against him.

Upon a peremptory instruction by the court, the jury returned the following verdict:

"We, the jury, find for the defendant Phillip A. Ryan Lumber Company for the sum of twenty-five hundred dollars against Turner-Cummings Hardwood Company and against John F. Renfro; and we find in favor of the defendant C. H. Harrell for the sum of fourteen hundred and sixty-four dollars and seventy cents against Phillip A. Ryan Lumber Company and against Turner-Cummings Hardwood Company."

Upon this verdict, the following judgment was entered by the court:

"It is therefore ordered, adjudged and decreed by the court that Phillip A. Ryan Lumber Company do have and recover judgment against the said plaintiffs P. B. Turner and C. N. Cummings, partners, composing the copartnership firm of Turner-Cummings Hardwood Company, and C. N. Cummings and John F. Renfro as sureties for the sum of $2,500. * * * That C. H. Harrell do have and recover of and from the plaintiff P. B. Turner and C. N. Cummings Hardwood Company, and each of them, for the sum of $1,464.70. * * * It is ordered that Phillip A. Ryan Lumber Company pay over to C. H. Harrell the $1,464.70, and that the bond be credited with $1,035.30. * * * That John F. Renfro do have and recover judgment over against the said P. B. Turner and C. N. Cummings, plaintiffs, principals on said bond the sum of $2,500, and the amount of $1,464.70 to be paid to Harrell whenever that amount is collected from plaintiffs and Renfro, * * * and it appearing to the court that it is agreed hereby between Phillip A. Ryan Lumber Company and C. H. Harrell that, if for any reason the judgment rendered against plaintiffs herein, and John F. Renfro in favor of Phillip A. Ryan Lumber Company for $2,500 shall be vacated or set aside, that then this judgment for the sum of $1,464.70 to be paid to said C. H. Harrell shall be likewise set aside and vacated."

Appellant assigns as error the action of the court in rendering this judgment, claiming that it is not in conformity with the verdict, in that the verdict finds for the defendant Phillip A. Ryan Lumber Company for $2,500 against Turner-Cummings Hardwood Company and John F. Renfro, while the judgment is against P. B. Turner and C. N. Cummings, composing the firm of Turner-Cummings Hardwood Company, and against C. N. Cummings and John F. Renfro as sureties, and also because the verdict finds for defendant C. H. Harrell for the sum of $1,464.70 against Phillip A. Ryan Lumber Company and Turner-Cummings Hardwood Company, while the judgment is against P. B. Turner and C. N. Cummings, composing the firm of Turner-Cummings Hardwood Company, and each of them, and not against the Phillip A. Ryan Lumber Company at all, and because the verdict finds for the defendant Phillip A. Ryan Lumber Company, for the sum of $2,500 against Turner-Cummings Hardwood Company, while the judgment decrees that the defendant Phillip A. Ryan Lumber Company recover against P. B. Turner and C. N. Cummings as plaintiffs and John F. Renfro and C. N. Cummings as sureties on the bond, and because the verdict finds in favor of C. H. Harrell for the sum of $1,464.70

against Phillip A. Ryan Lumber Company and Turner-Cummings Hardwood Company, while the judgment, contrary to same, and without the support of anything in the record, decrees if a judgment for $2,500 in favor of Phillip A. Ryan Lumber Company against plaintiffs and Renfro be vacated, it shall set aside the judgment in favor of Harrell for $1,464.70, insisting that if such agreement was entered into between Harrell and the lumber company, the court did not have the right to disregard the plaintiffs and Renfro, who are interested in this part of the judgment, and are included therein, and who were not parties to any such agreement; and because the court decreed that John F. Renfro recover judgment over and against P. B. Turner and C. N. Cummings, plaintiffs, for the sum of $2,500, in default of said plaintiffs paying to the Phillip A. Ryan Lumber Company the $2,500, because such judgment was not in conformity with the verdict, and has no verdict as a basis therefor. Appellant Renfro does not join in this last complaint.

[1] We sustain this assignment of error. The judgment of the court should conform to the pleadings, the nature of the case proved, and the verdict, giving the parties all the relief to which they may be entitled in law or in equity. R. S. art. 1994.

[2] It is the duty of the court to enter its judgment in conformity with the verdict, whether it be correct or not, whether the error in the verdict, if there be error, arose from erroneous instructions of the court, or from misinterpretation of the evidence by the jury. The act of the judge in entering judgment upon the verdict is merely ministerial, and he cannot disregard the verdict. Furthermore, the court cannot pass on any issue of fact on which the jury has failed to return a verdict or finding, no matter how conclusive the evidence may be. Railway Co. v. Strycharski, 92 Tex. 10, 37 S. W. 415; Smith v. Pitts, 57 Tex. Civ. App. 97, 122 S. W. 46.

[3] Appellant also assigns as error the action of the trial court in instructing a verdict for the lumber company. We have carefully examined the evidence in this case, which is voluminous, and we have arrived at the conclusion that the court erred in peremptorily instructing the jury, in that the evidence was conflicting as to whether the lumber company breached the contract, by failing to pay on the 10th of the month, as specified in the contract, and withholding money due on the 10th of November, and thereby prevented the hardwood company from complying with their contract, or whether the hardwood company breached the contract first, and by reason thereof the lumber company withheld payment of the $2,500 and other sums due on the 10th day of November. Reasonable minds might reach different conclusions from the evidence from that which the court instructed the jury. We do not deem it necessary to quote the evidence to sustain this holding, as the trial court will have no difficulty in giving appropriate instructions to the jury as to this issue. We call attention also to the lumber company's answer in paragraphs 4, 5, and 6, where it alleged that long prior to November 16th, the last logs having been delivered on November 14, 1916, that the hardwood company and John F. Renfro together, jointly and severally, each for himself and each for both, notified the lumber company that they nor either of them would, on and after November 16th, deliver any more logs under said contract for certain reasons, and that by virtue of said notice from plaintiff and Renfro of their intention to default in the terms and conditions of said contract, that they and each of them breached the contract, and thereby became liable to it for $2,500, as liquidated damages provided in their bond.

[4] The mere notice of an intention to breach a contract in the future, at a time when the contract is in the course of performance, and is actually being performed, is not sufficient to justify the other party to the contract to declare the contract breached. Kilgore v. N. W. T. Baptist Editors' Ass'n, 90 Tex. 143, 37 S. W. 598.

For the reasons assigned, the judgment of the trial court is reversed and remanded.