LLANO GRANITE & MARBLE CO. v. HOLLINGER.  (No. 60-2787.)

(Commission of Appeals of Texas, Section A. May 28, 1919.)

1. PLEDGES ⟨⟩30(2)—AUTHORITY OF PLEDGEE —CASHING CHECK—RECITAL OF PAYMENTS IN FULL.

Where assignment from plaintiff of balance due plaintiff as subcontractor for materials was held by bank as a mere pledge or collateral to secure payment of certain indebtedness due it by plaintiff, the cashing by the bank of a check for less than the amount claimed by plaintiff, which check had been sent the bank by the contractor and recited that it was in full, when there was a dispute as to whether the contractor should pay liquidated damages for delay, did not constitute an accord and satisfaction.

2. ESTOPPEL ⟨⟩58—EQUITABLE ESTOPPEL— ELEMENTS.

One of the necessary elements of an equitable estoppel is that the person claiming it must have been induced to alter his position in such manner that he will be injured if the estoppel is not declared.

3. ESTOPPEL ⟨⟩76—EQUITABLE ESTOPPEL— ALTERING ONE'S POSITION TO HIS INJURY.

Where bank held assignment of balance due plaintiff as subcontractor for materials as a mere pledge to secure certain indebtedness due it by plaintiff, defendant debtor could not claim that plaintiff was estopped to deny the bank's authority to accept less than the amount due in full satisfaction of defendant's liability; defendant having paid only admitted liability and protected his rights under contract.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by the Llano Granite & Marble Company against Job Hollinger. Judgment for plaintiff was reversed by the court of Civil Appeals (173 S. W. 603), and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and that of trial court affirmed.

Holland & Holland, of Orange, for plaintiff in error.

Jacobs & Newman, of Kansas City, Mo., and Hightower, Orgain & Butler, of Beaumont, for defendant in error.

STRONG, J. This suit was brought by the Llano Granite & Marble Company against the defendant, Hollinger, to recover for material furnished and work performed by plaintiff, as subcontractor under defendant, in the construction of a church building in

the city of Orange, Tex. The case was tried in the court below without the intervention of the jury and resulted in a judgment in favor of plaintiff.

[1] The only question for determination is whether under the evidence judgment should have been rendered for defendant under his plea of accord and satisfaction. The evidence upon this issue is in substance as follows: On June 7, 1909, the board of directors of the plaintiff corporation passed the following resolution:

"Meeting of the board of directors of the Llano Granite & Marble Company held in the office of the secretary at San Antonio, Texas, on the 7th day of June, 1909. Present J. S. Sweet, A. J. Ridder, George Bodet. It appearing that the National Bank of Commerce of San Antonio, Texas, holds the company's notes to a large amount, for advances made on account of the church constructed at Orange, Texas, and that more funds will be needed before the completion of said contract, it is therefore moved by A. J. Ridder, seconded by J. S. Sweet, that we transfer, assign and set over to the National Bank of Commerce of San Antonio, Texas, all our right, title and interest to whatever balance may be due us by Job Hollinger of Kansas City, Missouri, on said Orange contract."

H. L. Ball, president of the bank, testified:

"The order to which you refer (meaning assignment above copied) was given purely and solely as collateral security for indebtedness of the Llano Granite & Marble Company to the National Bank of Commerce of San Antonio, Texas, which at that time amounted to $37,000.00."

On October 16, 1909, the president of the National Bank of Commerce wrote the defendant, Hollinger, stating that the bank held the above order and inclosing him a copy thereof. On March 16, 1910, Hollinger wrote the bank, inclosing a statement of account between himself and plaintiff and a check for the sum of $5,007.06, which contained the following language in the face thereof:

"Balance in full on account of contracts dated June 25, 1907, and October 4, 1907, for Lutcher Mem. Chr. Orange, Texas. Per order from Llano Granite & Marble Co. dated June 7, 1909."

In arriving at the amount due plaintiff, as represented by the check, defendant deducted the sum of $7,980, which he claimed was due him as liquidated damages on account of plaintiff's failure to complete the work within the time provided by the contract. This claim was disputed by plaintiff, its contention being that, by agreement and for a valuable consideration, defendant waived his claim to such damages. The evidence upon this issue was conflicting, and the trial court sustained plaintiff's contention.

Upon receipt of the check, the National Bank of Commerce immediately wrote defendant as follows:

"Your favor of the 16th is received inclosing check $5,007.06 on the First National Bank of Orange, together with the statement of the account of the Llano Granite & Marble Company. We are not using the check at this time, but holding it for advice from the Llano Granite & Marble Company. They desire to check the account and we will await their further advices before accepting or making use of the said check. It is probable that they will desire to communicate with you.

"Kindly promptly acknowledge receipt of this letter with your further advices."

Before collecting the check, the bank indorsed on the back thereof:

"Protesting against assertions on reverse hereof and without obligating Llano Granite & Marble Co. For Collection. Pay any bank or banker or order. National Bank of Commerce of San Antonio, Texas."

On March 30, 1910, the day before the check was paid by the bank upon which it was drawn, plaintiff wrote the defendant the following letter:

"As I wrote you some days since that Mr. Teich would go over the account and statement sent the bank by you. I have had Mr. Teich go over the account and everything seems all right as to your statement, but the liquidated damages you make claim does not seem to be right as you have not had to pay for the over time from the Lutcher Moore people. Now I wish to ask you as a man that you treat us as you would like to be treated in this matter. I have done all in my power to have this contract pushed as rapidly as we could and when the company of which you are the general contractor does not insist on your paying any liquidated damages, it does not seem that you should insist on our paying any.

"You are aware that you did not deliver the foundation to us as you should have and it was your delay that first delayed us, and therefore you should not exact of us something that you caused to be done. You are aware that we sustained a very great loss on this contract and knowing that we were sustaining this loss we went ahead and completed the contract.

"Now, Mr. Hollinger, I believe you are just in this matter and we do not wish to have any words over this as I have at all times believed that you would treat us just and fair in the settlement of this claim. Kindly let me have an expression from you by return mail and you will greatly oblige."

The National Bank of Commerce applied the proceeds of the check as a credit on the indebtedness due it by plaintiff, for which it held the account against defendant as security.

The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment in favor of defendant, holding that the cashing by the bank of the check containing the recital therein constituted an accord and satisfaction of all amounts due under the contracts. 173 S. W. 603.

We cannot concur in the conclusion reached by the Court of Civil Appeals. The bank under the undisputed evidence held the assignment to the balance due under the contracts as a mere pledge or collateral to secure the payment of certain indebtedness due it by the plaintiff. The rule seems to be well settled that a pledgee holding a promissory note or chose in action as collateral security is not authorized to compromise with the person liable thereon and accept less in discharge or satisfaction of the debt than the actual amount due. Matheney v. City, 82 Kan. 720, 109 Pac. 166, 28 L. R. A. (N.S.) 980; McLemore v. Hawkins, 46 Miss. 715; De Clark v. Waters, 10 Wyo. 31, 65 Pac. 855; Zimpleman v. Veeder, 98 Ill. 613; Garlick v. James, 12 Johns. (N. Y.) 146, 7 Am. Dec. 294; Depuy v. Clark, 12 Ind. 427; Trust Co. v. Rigdon, 93 Ill. 458; Fairbanks v. Sargent, 117 N. Y. 320, 22 N. E. 1039, 6 L. R. A. 478.

In the case of Fairbanks v. Sargent, supra, the court, in discussing this rule, says:

"The pledgee obtains a special property in the thing pledged, while the pledgor remains the general owner. If the property consists of a thing in action, the pledgee may sue upon it, and collect it, or receive voluntary payment of it from the debtor. The pledgee may require such payment and the debtor cannot resist his title. To the extent of his debt, the pledgee may appropriate the proceeds to his own use, and hold the balance, if any, in trust for the pledgor. But the pledgee cannot compromise the debt without the assent of the pledgor."

In applying the rule where promissory notes were held as collateral security, the Supreme Court of Wyoming, in the case of De Clark v. Waters, above cited, says:

"Ordinarily, the pledgee of a promissory note as collateral security is not permitted to compromise with the maker, and accept less in its discharge or satisfaction than the face value of the paper. There may be instances where such a settlement will be upheld—as where, by reason of the fact that the debt is insufficiently secured, and the maker is insolvent, a compromise is advantageous to all parties; but, according to all the authorities, it will be sustained only in extreme cases. [Citing authorities.] Where notes held as collateral are surrendered to the maker by the pledgee at a sum considerably less than their face value, the pledgor has his election to bring an action against the pledgee in tort for wrongfully disposing of the collateral, or against the maker to recover the residue of the face of the notes so surrendered. Coleb. Coll. § 96; Zimpleman v. Veeder, 98 Ill. 613."

[2, 3] The language of the court above quoted applies with equal force to a chose in action held as collateral to secure the payment of a debt. The bank, holding the assignment from plaintiff as collateral security, had the right to collect the entire debt from the defendant and apply the proceeds thereof to the liquidation of its indebtedness, but it had no authority to accept less than the actual amount due in full satisfaction of defendant's liability under the contracts. Nor do we think plaintiff was estopped from denying the bank's authority to make the settlement. One of the necessary elements of an equitable estoppel is that the person claiming it must have been induced to alter his position in such manner that he will be injured if the estoppel is not declared. It was never intended by an estoppel to work a positive gain to the person claiming it. Its whole office is to protect him from loss, which, but for the estoppel, he could not escape. The defendant admitted by the statement inclosed to the bank that he owed the sum of $5,007.06 under the contracts. He withheld a sufficient amount to cover his claim for liquidated damages. The payment to the bank, even if made under the belief that the bank was the legal owner of the indebtedness, in no way affected defendant's rights under the contract. If, in fact, he was misled by the language in the assignment, he suffered no injury thereby in that he paid no more than he admittedly owed, and is therefore in no position to invoke the doctrine of estoppel as a bar to plaintiff's right to recover.

We are of opinion that the judgment of the Court of Civil Appeals should be reversed, and that of the trial court affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.