AULWES, Respondent, v. FARMERS BANK OF HUMBOLDT, Appellant.

(182 N. W. 528.)

(File No. 4803.    Opinion filed April 2, 1921.    Rehearing denied May 11, 1921.)

1.    Conversion—Collateral Security, Transfer of by Holder of Secured Note, to Debtor as Purchaser, Whether Justifiable, Effect of—Rule Stated—Statute.

While the holder of collateral security for payment of a debt may sell such debt and transfer the collateral security to the purchaser, this general rule does not authorize a pledgee to surrender a negotiable instrument to the maker.  So, held, under Sec. 1822, Code 1919, providing that a negotiable instrument is discharged when the principal debtor becomes the holder of the instrument, at or after maturity, in his own right, And where the collateral note and check were overdue when transferred by the holder to the purchaser, who was maker of the principal note, both collaterals become discharged and the obligation thereof extinguished.  Therefore, plaintiff, maker of a note given defendant with the collateral, was without redress for the difference between what was due him on the collateral and what he owed defendant, except to proceed against the latter as for his conversion.

2.    Negotiable Instrument—Suit For Conversion of Collateral—Non-Plead Defense of Want of Consideration For Collateral, Immateriality.

In a suit for conversion of collateral security given by plaintiff with his note to defendant, the latter, not having plead in defense want of consideration for the collateral, could not prove such want of consideration, the question not being in issue.

**3. Tender—Suit for Conversion of Collateral Applied on Payment of Principal Debt, Non-necessity of Tender.**

> In a suit for damages for conversion of a collateral note and check, which collateral had been turned over to the maker thereof and applied in payment of the principal note, **held**, that plaintiff need not tender the amount due on his note, defendant having paid the principal note out of the proceeds of the collateral and could not have returned the latter if tender had been made.

Appeal from Circuit Court, Minnehaha County. HON. LOUIS L. FLEEGER, Judge.

Action by August Aulwes against The Farmers Bank of Humboldt, a corporation, for conversion of collateral security. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*George J. Danforth,* for Respondent.

*Mundt & Mundt,* for Appellant.

(1) To point one of the opinion, Appellant cited: 21, R. C. L. page 673; Forsyth Bank v. Davis, 38 S. E. 836; Waddell v. Owen, Neb. 61 N. W. 731; Hawkins v. New York Fourth National Bank, 49 N. E. 957, 115 Ind. 117; In re Milne, 185 Fed. 244; Goss v. Emerson, 23 N. H. 38.

Respondent cited: Hallack Lumber and Manufacturing Company v. Gray, 34 Pacific 1000; Sec. 1625, Rev. Code 1919; Deering Company v. Russell, 5 N. D. 319, 65 N. W. 691; Moses v. Grainger, 53 L. R. A. 857 and note.

POLLEY, P. J. On the 1st day of December, 1917, plaintiff borrowed $250.90 from defendant and gave his note for that amount payable on the 30th day of said month. To secure the payment of said sum of money, plaintiff pledged to defendant a certain check on the State Bank of Humboldt, dated December 20, 1917, for $427 and a certain promissory note for $319 payable on the 1st day of December, 1917; both note and check being payable to plaintiff and both signed by one Heinrich Meyer. Neither the pledged note or check was paid at maturity, nor did plaintiff pay his note when due. Defendant made no effort to collect either of the pledged instruments, but on the 14th day of February, 1918, defendant permitted the said Meyer to pay to defendant the amount plaintiff owed on his note and defendant surrendered to said Meyer, plaintiff's note, together with the

check and note that had been executed by Meyer and pledged by plaintiff. Plaintiff, claiming this to be a conversion by the defendant of the pledged instruments, brought this action to recover from defendant the difference between the amount he owed to defendant on his note and the amount due on the Meyer note and check.

Defendant for a defense claims: First, that it indorsed and sold plaintiff's note to the said Meyer in the regular course of business, and that the Meyer check and note were transferred as collateral for the same; and, second, as a partial defense, that the check for $417 had been given in payment of the said note and for certain work and labor that had been performed by plaintiff for the said Meyer subsequent to the execution of the said note.

At the close of the testimony both parties moved for a directed verdict, whereupon the trial court dismissed the jury and made findings of fact and conclusions of law favorable to plaintiff. The court, among other things, found as a fact that the transaction between the defendant and the said Meyer "was not a bona fide sale of plaintiff's note to the said Meyer, or a bona fide assignment of said check and note as collateral to the note given by plaintiff to defendant bank, but was collusive and for the purpose of placing the collateral in the hands of the maker of said collateral check and note." Judgment was entered for plaintiff, and from such judgment and an order denying its motion for a new trial defendant appeals.

[1] Appellant cites numerous authorities in support of its contention that the holder of collateral security for the payment of a debt may sell such debt and transfer the collateral security to the purchaser. This is a general rule of law, but it does not authorize a pledgee to surrender a negotiable instrument to the maker. By subdivision 5 of section 1822, Rev. Code:

"A negotiable instrument is discharged: * * * When the principal debtor becomes the holder of the instrument at or after maturity in his own right."

The collateral note and check were both overdue when they were transferred to Meyer by the defendant; therefore both became discharged when they came into Meyer's hands and his obligation thereon was extinguished. This left plaintiff without

redress for the difference between what was due him from Meyer on the note and check and what plaintiff owed the defendant, except to proceed against defendant as for conversion.

[2]    At the trial defendant undertook to show, and offered evidence to prove, a lack of consideration or part consideration for the Meyer note and check. This evidence was excluded on the ground that it was not material to the issues in the case. Want of consideration was not pleaded in the answer, therefore was not an issue in the case, and this evidence was properly excluded.

[3]    It is contended by appellant that respondent has no standing in court because he did not tender to appellant the amount due on his note, but tender was not necessary and would have been of no avail if made. Appellant had been paid in full, and, having discharged and disposed of the collateral note and check, it could not have returned the same to plaintiff if tender had been made. Lumber Co. v. Gray, 19 Colo. 149, 34 Pac. 1000.

The judgment and order appealed from are affirmed.