## BUMPUS v. COBB et al.
### No. 4276.

Court of Civil Appeals of Texas. Texarkana.

Dec. 23, 1932.

Rehearing Denied Jan. 5, 1933.

Wynne & Wynne, of Longview, and Geo. I. McGee and Tom F. Head, both of Kilgore, for plaintiff in error.

E. M. Bramlette, of Longview, and Ross M. Scott, and House & Wilson, all of Dallas (W. B. Handley and C. J. Shaeffer, both of Dallas, on the brief), for defendants in error.

BLALOCK, Chief Justice (after stating the case as above).

■ We find that this court is without jurisdiction to entertain this writ of error, and to consider the errors assigned. No disposition was made in the judgment, or otherwise, of the claims of Eugene Cobb and Bertha Cobb, two of the plaintiffs below. Eugene Cobb was not mentioned in the court's charge, the verdict of the jury, or the judgment of the court, and there is nothing in the said judgment from which it could be construed

as having disposed of or adjudicated the claims of Eugene Cobb and Bertha Cobb to an interest in the subject-matter of the lawsuit. A judgment which does not dispose of the whole matter in controversy as to all litigating parties is not a final judgment. Havard v. Carter Kelley Lbr. Co. (Tex. Civ. App.) 162 S. W. 922; Busby v. Schrank (Tex. Civ. App.) 174 S. W. 295. These litigants were not disposed of in the judgment by implication, as in Southern Pacific Co. v. Ulmer (Tex. Com. App.) 286 S. W. 193. While the plaintiffs claimed as cotenants, the alleged interest of each was separate and distinct, and a judgment for or against some of them did not imply an adjudication of the claims of the others. In fact, the judgment was in favor of one plaintiff and against some others; they being expressly named therein, and under these circumstances the failure to name Eugene and Bertha precludes any implication that the case was adjudicated as to them.

The court instructed a verdict against Bertha Cobb, plaintiff, and such verdict was returned; but no disposition was made in express terms or by implication of the claims or rights of this party litigant. It thus appears that the judgment is not only at variance with the jury verdict in this respect, but it is made to affirmatively appear that Bertha Cobb had not been dismissed, and that no adjudication was had as to her. Articles 2211 and 2209, R. S. 1925; Turner-Cummings Hardwood Co. v. Lumber Co. (Tex. Civ. App.) 201 S. W. 431; Isabella Walker v. L. C. Taylor, 56 S.W.(2d) 251, opinion by Justice Levy of this court, Dec. 1, 1932, and cases therein cited.

We have concluded that the judgment complained of is not a final judgment, and the present writ of error is therefore dismissed for want of jurisdiction, and costs are taxed against plaintiff in error.