Hemphill, Cu. J.
This is an action of trespass to try title. The original •defendant, during tiie course of tiie proceedings, having died, his administrator was made a party. The deceased intestate, among- other defenses, pleaded not guilty, lie also claimed under a sheriff’s deed, and a right to hold until the pureiiase-money advanced hy him was refunded. His administrator disclaims all title in the laud, and says that his intestate only claimed in order to secure re-payment of advances made hy him, and was always willing on payment to surrender up all claim; but lie docs not say that'this payment lias been made, or give any reason for relinquishment of the claim set xq> hy the intestate.
The plaintiff proved iiis title, and proved that one Rochelle cultivated the lands in 1848 and ’49; that lie took possession by direction of the defendant, Moore; that Moore told him to cultivate it and take care of the orchard.
The defendant introduced no evidence to show that tiie original .defense was substantial, or that any money had in fact been advanced by tiie defendant’s intestate. The jury found tiie defendant not guilty, upon what grounds, I am at a loss to determine. Tiie intestate originally set up a claim to the land, and Rochelle, the tenant, went into possession hy his permission and direction. If there he any necessity in actions of this character to prove an actual trespass, notwithstanding tiie statute has dispensed with such proof, it was proven in this case. The plaintiff’s title on tiie proof was unquestionable; the defendant disclaimed, and a trespass was proven against him through his tenant. The disclaimer has no other effect than to relieve the defendant from costs.
The verdict is manifestly erroneous, and it is ordered, adjudged, and decreed that the judgment be reversed and the cause remanded.
Reversed and remanded.