## WALKER et al. v. TAYLOR.

### No. 4258.

Court of Civil Appeals of Texas. Texarkana.

Dec. 1, 1932.

Walter S. Jones, of Ennis, Milton Greer Mell, of Gilmer, and W. V. Dunnam, of Waco, for plaintiffs in error.

Crawford & Fletcher, of Grand Saline, and Prentice Wilson, of Dallas, for defendant in error.

LEVY, J.

The plaintiffs in error urge the point of error of a lack of a final judgment, in the failure of the judgment in the case to dispose of or make adjudication as to the Herbert Oil Company, a corporation, one of the defendants named and making appearance in the suit. The point will necessitate the dismissal

of the plaintiffs in error's writ of error proceedings for want of jurisdiction in the appellate court to entertain the same.

The defendant in error, L. C. Taylor, brought the suit against Isabella Walker and her husband, the Herbert Oil Company, a corporation, and several other named defendants. The purpose of the suit was to cancel certain instruments executed by L. C. Taylor and his wife to Isabella Walker purporting to convey an interest to her in certain land, and to remove the cloud cast upon the title to the land. The Herbert Oil Company, besides others named, was made a defendant in the suit upon the allegation of having some interest or claim in the oil production from the land. The Herbert Oil Company made its appearance in the suit, and as answer filed a disclaimer of any interest, claim, or ownership in the land in controversy. No formal judgment was ever entered on the disclaimer. The case proceeded to trial before a jury, and in the charge the court peremptorily instructed the jury to return a verdict in favor of several defendants named, including the Herbert Oil Company. The instruction to the jury, as pertinent, was as follows: "The Court concludes that there is no issue of fact to be submitted to the jury as to the defendants, E. L. Smith Oil Company, Falcon Oil Company, Herbert Oil Company, Mead Brothers Company, The Texas Company, * * * and as to said named defendants you are instructed to find for each of defendants respectively."

The charge then proceeded further to submit to the jury issues for findings of fact "as to the plaintiffs and the other defendants not named above." The verdict of the jury as returned into court and as received was, besides answers to the issues, "We, the jury, find for the defendants E. L. Smith Oil Company, Herbert Oil Company, Falcon Company, Mead Brothers, The Texas Company. * * *" The judgment of the court as entered of record sets out the verdict in hæc verba, and makes adjudication in keeping with, and in conformity to, the verdict as to the issues and as to all the parties; except as to the Herbert Oil Company. The Herbert Oil Company is not mentioned by name, and there is nothing in the judgment as written from which it could be in anywise concluded that the court had disposed of or had judicially adjudicated either for or against the Herbert Oil Company as to any right or interest in the land in controversy, or as to its disclaimer of any interest in the matter in controversy.

■ Ordinarily a judgment does not lack finality by reason of failure to mention a defendant who has disclaimed any interest in the matter in controversy. Gullett v. O'Connor, 54 Tex. 408; Henninger v. Pickren (Tex. Civ. App.) 295 S. W. 264; and other cases. That is, provided the disclaimer be before final judgment is entered. Mignon v. Brinson, 74 Tex. 18, 11 S. W. 903. It is proper to enter a dismissal or discontinuance as to one of several defendants and then to proceed to trial and final judgment against the remaining defendants. Dean v. Duffield, 8 Tex. 235, 58 Am. Dec. 108; Tulane v. McKee, 10 Tex. 335. But the situation in the present case is entirely different, for it affirmatively appears in the record that the Herbert Oil Company was not by any order or judgment eliminated or dismissed from the case, but was held and regarded as a defendant still in court by appearance and answer duly filed at the time of the trial before the jury. The court in instructing the jury peremptorily instructed them to find a verdict for such defendant oil company along with the other defendants named, and the jury in their verdict expressly named such defendant along with the other defendants as entitled to a finding in its favor. In the face of such charge of the court, and verdict of the jury, it could not be presumed that the Herbert Oil Company had been previously by order of the court dismissed as a defendant in the case. In such situation as appearing, it was legally required that the judgment should follow and conform to the verdict, which would have to include an adjudication against the plaintiff and in favor of the Herbert Oil Company. The verdict of the jury alone was not sufficient to eliminate the particular defendant, but the judgment of the court must have followed pronouncing the legal consequences of the verdict, of the final discharge of the Herbert Oil Company. The statute expressly requires the judgment to follow and conform to the verdict. Articles 2211, 2209. The verdict or the result of the verdict is thus by statute made to have a place in, and be incorporated in, the judgment. Mayfield v. State, 40 Tex. 289; 33 C. J. p. 1195. There is no principle of law more firmly established than that the judgment must follow and conform to the verdict of the jury in respect to the parties for and against whom it is given. Kinkler v. Junica, 84 Tex. 116, 19 S. W. 359; Gulf, C. & S. F. Ry. v. James, 73 Tex. 12, 10 S. W. 744, 15 Am. St. Rep. 743; Carter v. Bolin (Tex. Civ. App.) 30 S. W. 1084; Turner-Cummings Hardwood Co. v. Philip A. Ryan Lumber Co. (Tex. Civ. App.) 201 S. W. 431; and other cases; 33 C. J. p. 1169. In the Kinkler Case, named above, there was an actual adjudication against those defendants named in the verdict and in favor of all the other defendants, and there was not failure or omission to include any defendant in the judgment as rendered.

It is concluded that the judgment, as is contended by plaintiffs in error, cannot be treated as a final judgment, because it affirmatively appears that all the defendants expressly named in the verdict of the jury were not disposed of by adjudication. A complete judgment by proper proceedings in the trial court may yet be entered nunc pro tunc mak-

ing actual adjudication as to all the defendants named in the verdict; but a new appeal or writ of error would have to be timely prosecuted from such amended judgment. El Paso & N. E. Ry. v. Campbell, 45 Tex. Civ. App. 231, 100 S. W. 170. The present writ of error is accordingly dismissed for want of jurisdiction in this court to entertain the same. The costs of the writ of error will be taxed against the plaintiffs in error.