**Steven CHEN and Sherry L. Chen, Appellants,**

**v.**

**BRECKENRIDGE ESTATES HOME-OWNERS ASSOCIATION, INC., Appellee.**

**No. 05–06–00165–CV.**

Court of Appeals of Texas, Dallas.

June 26, 2007.

Glenn Thomas Lupo, William Chu, Law Offices of William Chu, Addison, for Appellant.

Dean Arden Riddle and David Surratt, Riddle & Williams, P.C., Dallas, for Appellee.

Before Justices MOSELEY, BRIDGES, and RICHTER.

## OPINION

Opinion by Justice BRIDGES.

Steven Chen and Sherry L. Chen appeal the trial court's order enforcing an underlying summary judgment entered in favor of Breckenridge Estates Homeowners Association, Inc. ("the Association"). In a single issue, the Chens argue the trial court erred in "substituting one plaintiff for another plaintiff after it has lost plenary as the District Court had/has no power to correct, modify, or reform the judgment." We affirm the trial court's order.

The Chens purchased property located within the planned unit development called Breckenridge Estates. As property owners within the development, the Chens automatically became members of the Association and were subject to the declaration of covenants, conditions, and restrictions for Breckenridge Estates ("the declaration"). In August 2002, the Association sued the Chens, seeking an injunction that would require the Chens to remove an unapproved and non-conforming structure from their property. The suit also alleged the unapproved structure was a nuisance and sought fines, civil damages, and attorney's fees from the Chens. In March 2003, the trial court granted the Association's motion for summary judgment on the grounds that the Chens were in violation of the declaration. The trial court ordered the Chens to remove the unapproved structure from their property and awarded the Association its costs and attorney's fees. the Chens appealed, and this Court affirmed the summary judgment. *See Chen v. Breckinridge Estates Homeowners Association, Inc.,* No. 05–03–01753–CV, 2004 WL 1813757 (Tex.App.-Dallas August 16, 2004, no pet.).

In December 2005, the Association filed a motion to enforce the prior summary judgment. In their response, the Chens argued there was no entity bearing the name "Breckenridge Estates Homeowners Association, Inc." in existence at the time of the trial court's March 2003 judgment. The Chen's response stated that Steven Chen was in fact the president of Breckenridge Estates Homeowners Association, Inc. and attached a copy of articles of incorporation for "Breckenridge Estates Homeowners Association, Inc." filed by Steven Chen on October 5, 2004. In January 2006, the trial court entered an order awarding the Association its costs and attorney's fees and ordering the Chens to remove the unapproved structure from their property. This appeal followed.

In their sole issue, the Chens argue the trial court erred in substituting one plaintiff for another plaintiff after it had lost its plenary power. Specifically, the Chens complain that the trial court somehow modified its original summary judgment when it referred to the Association in its January 2006 enforcement order as "Breckenridge Park Estates No.1 and No. 2 Homeowners Association, a Texas non-profit corporation, also identified in the pleadings and known as Breckenridge Estates Homeowners Association, Inc." The Chens argue this "substitution" was an untimely correction of a judicial error which rendered the enforcement order void. *See Mathes v. Kelton,* 569 S.W.2d 876, 877–78 (Tex.1978) (judgment nunc pro tunc changing party entitled to possession of ring constituted correction of judicial error which cannot validly be accomplished by judgment nunc pro tunc).

There is a distinction between misnomer and misidentification. *Enserch Corp. v. Parker,* 794 S.W.2d 2, 4 (Tex. 1990). A misnomer does not invalidate a judgment as between parties where the record and judgment together point out, with certainty, the persons and subject matter to be bound. *Schismatic and Pur-*

*ported Casa Linda Presbyterian Church in America v. Grace Union Presbytery,* 710 S.W.2d 700, 708 (Tex.App.-Dallas 1986, writ ref'd n.r.e.). A plaintiff misnaming itself is a misnomer. *Pierson v. SMS Fin. II, L.L.C.,* 959 S.W.2d 343, 347 (Tex.App.-Texarkana 1998, no pet.) (misnomer occurred when actual plaintiff SMS II instead named another entity, SMS I).

■ Throughout the original proceeding resulting in summary judgment for the Association and the entire appeal from that proceeding, the Chens never indicated that there was any confusion as to what entity was suing them, and they never challenged the identity of the "Breckenridge Estates Homeowners Association, Inc." On the contrary, the record indicates the Chens referred in their pleadings to the plaintiff as "Breckenridge Estates Homeowners Association, Inc." up until Steven Chen himself filed articles of incorporation under the same name. Rather than indicating confusion on the part of the Chens as to the entity that was suing them, we conclude Steven Chen's tactical filing of articles of incorporation reveal a careful scrutiny of the precise manner in which the Association identified itself. Under these circumstances, we conclude the record and judgment together point out, with certainty, the persons and subject matter to be bound by the trial court's summary judgment and subsequent orders, and, at most, a misnomer occurred in this case. *See Grace Union,* 710 S.W.2d at 708. We overrule the Chen's sole issue.

We affirm the trial court's judgment.