IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 08-0820
════════════
 
In re Greater Houston Orthopaedic Specialists, Inc., Relator
 
════════════════════════════════════════════════════
On Petition for Writ of 
Mandamus from the
Court of Appeals for the 
Thirteenth District of Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
            
Jody Griswold required surgery as a result of allegedly negligent medical 
care. Griswold and his attorney, Peter Zavaletta, 
entered into an agreement with Greater Houston Orthopaedic Specialists (“GHOS”), whereby GHOS would perform 
the surgery in exchange for payment from the anticipated proceeds of Griswold’s 
pending health care liability suit.
            
GHOS later sued Griswold and Zavaletta in 
Cameron County, alleging that they failed to pay GHOS approximately $35,000 for 
medical services rendered. GHOS subsequently nonsuited 
that action. The nonsuit was signed by GHOS’s attorney as “attorney for plaintiff” and included the 
correct cause number and style, but it identified GHOS as “Orthopaedic Specialists, L.L.P.,” omitting the “Greater 
Houston” predicate. GHOS then sued Griswold and Zavaletta in Harris County. The parties settled, and the 
Harris County court signed an agreed judgment on January 7, 2008.            

            
Meanwhile, the Cameron County court had not yet dismissed the case. On 
February 28, 2008, the Cameron County court issued an order notifying the 
parties that the case would be dismissed for want of prosecution unless they 
appeared and showed good cause for the matter to remain on the docket. On March 
10, Griswold and Zavaletta filed a counterclaim 
alleging that the Cameron County suit was frivolous. On April 3, the trial court 
signed an order dismissing the case without prejudice, but on April 7, the court 
set aside that order and set the case for trial. The court of appeals denied 
GHOS’s request for mandamus relief. ___ S.W.3d ___. We conditionally grant the writ.
            
A plaintiff may nonsuit a case “[a]t any time 
before the plaintiff has introduced all of his evidence other than rebuttal 
evidence,” but dismissal “shall not prejudice the right of an adverse party to 
be heard on a pending claim for affirmative relief . . . .” Tex. R. Civ. P. 162. “The plaintiff’s 
right to take a nonsuit is unqualified and absolute as 
long as the defendant has not made a claim for affirmative relief.” B.H.P. Pet. Co. v. Millard, 800 S.W.2d 838, 840 (Tex. 
1990). Granting a nonsuit is a ministerial act, 
and a plaintiff’s right to a nonsuit exists from the 
moment a written motion is filed or an oral motion is made in open court, unless 
the defendant has, prior to that time, sought affirmative relief. Greenberg v. Brookshire, 640 S.W.2d 870, 872 (Tex. 1982) (per 
curiam).
            
Griswold and Zavaletta concede that their 
counterclaim was first filed after GHOS nonsuited its 
claims on May 15, 2006. They argue, however, that GHOS’s nonsuit was ineffective 
because it was filed not by the plaintiff, GHOS, but by “Orthopaedic Specialists, L.L.P.,” a nonexistent entity. They 
argue that the first time GHOS effectively moved for nonsuit was April 3, 2008, after they filed their 
counterclaim. We hold that despite the misnomer, GHOS 
filed a valid notice of nonsuit before Griswold and 
Zavaletta filed counterclaims. Therefore, the trial 
court abused its discretion in setting the case for trial, and we conditionally 
order the trial court to dismiss the case.     A misnomer differs 
from a misidentification. Enserch Corp. v. Parker, 794 
S.W.2d 2, 4 (Tex. 1990). Misidentification—the consequences of which are 
generally harsh1—arises when two separate legal entities 
exist and a plaintiff mistakenly sues an entity with a name similar to that of 
the correct entity. Chilkewitz v. Hyson, 
22 S.W.3d 825, 828 (Tex. 1999). A misnomer occurs when a party misnames 
itself or another party, but the correct parties are involved. Id. 
(noting that “[m]isnomer arises when a plaintiff sues 
the correct entity but misnames it”); see also Chen v. Breckenridge 
Estates Homeowners Ass’n, Inc., 227 S.W.3d 419, 
421 (Tex. App.—Dallas 2007, no pet.) (holding that misnomer occurred when 
enforcement order referred to actual plaintiff “Breckenridge Estates Homeowners 
Association, Inc.” as “Breckenridge Park Estates No. 1 and No. 2 Homeowner’s 
Association, a Texas non-profit corporation, also identified in the pleadings 
and known as Breckenridge Estates Homeowners Association, Inc.”); Pierson v. 
SMS Fin. II, L.L.C., 959 S.W.2d 343, 347 (Tex. App.—Texarkana 1998, no pet.) 
(determining that misnomer occurred when actual 
plaintiff, SMS II, instead named another entity, SMS I, in its original 
petition). Courts generally allow parties to correct a misnomer so long as it is 
not misleading. See, e.g., Enserch, 794 S.W.2d at 4-5 (holding 
that when a plaintiff misnames a defendant, limitations is tolled and a 
subsequent amendment of the petition relates back to the date of the original 
petition); Chen, 227 S.W.3d at 420 (“A misnomer does not invalidate a 
judgment as between parties where the record and judgment together point out, 
with certainty, the persons and subject matter to be bound.”); Sheldon v. 
Emergency Med. Consultants, I.P.A., 43 S.W.3d 701, 702 (Tex. App.—Fort Worth 
2001, no pet.) (“[W]hen an intended defendant is sued under an incorrect name, 
the court acquires jurisdiction after service with the misnomer if it is clear 
that no one was misled or placed at a disadvantage by the 
error.”).
            
Typically, misnomer cases involve a plaintiff who has misnamed the 
defendant, and a petition involving this type of misnomer is nonetheless 
effective, for limitations purposes, when filed, with any subsequent amendment 
relating back to the date of the original filing. See 1 William V. Dorsaneo, III et al., Texas 
Litigation Guide § 12.02[4] (2009); Enserch, 794 S.W.2d at 4-5. 
Courts are flexible in these cases because the party intended to be sued has 
been served and put on notice that it is the intended defendant. Pierson, 
959 S.W.2d at 347; see also Charles Brown, L.L.P. v. Lanier Worldwide, 
Inc., 124 S.W.3d 883, 895 (Tex. App.—Houston [14th Dist.] 2004, no pet.) 
(holding that a misnomer does not render a judgment void “provided the intention 
to sue the correct defendant is evident from the pleadings and process, such 
that the defendant could not have been misled”); see also Adams v. Consol. 
Underwriters, 124 S.W.2d 840, 841 (Tex. 1939) (“When a corporation intended 
to be sued is sued and served by a wrong corporate name . . . and suffers 
judgment to be obtained, it is bound by such judgment . . . .”).
            
In a case like this, in which the plaintiff misnames itself, the rationale for flexibility in the typical misnomer 
case–in which a plaintiff misnames the defendant–applies with even greater 
force. At this stage in the litigation, there is no risk that Griswold and Zavaletta would not know that GHOS, the sole plaintiff, and 
the entity named in the caption of the notice of nonsuit, was the entity that had filed the nonsuit. Griswold and Zavaletta 
counter that “Orthopaedic Specialists, L.L.P.” is a 
nonexistent entity, as their search of Secretary of State records revealed no organization by that name. But this 
demonstrates only that Griswold and Zavaletta were not 
under the mistaken assumption that a nonparty with this name filed the notice of 
nonsuit.
            
Griswold and Zavaletta concede that GHOS–and 
not a nonparty–moved for nonsuit on April 3, 2008. 
This motion relates back to May 2006, when GHOS filed the notice of nonsuit containing the misnomer. Because that nonsuit preceded the counterclaim, the trial court abused 
its discretion in refusing to dismiss the case. See In re Prudential 
Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004); Greenberg, 640 
S.W.2d at 871. Mandamus relief is appropriate when a trial judge refuses to 
grant a nonsuit in the absence of a pending claim for 
affirmative relief. Greenberg, 640 S.W.2d at 
871-72. Accordingly, without hearing oral argument, 
TEX. R. APP. P. 52.8(c), we conditionally grant GHOS’s petition for writ of mandamus and direct the trial 
court to vacate its order setting trial and dismiss the case. We are confident 
the trial court will comply, and our writ will issue only if it does 
not.
OPINION DELIVERED: August 28, 2009






[1] See, 
e.g., Enserch, 794 S.W.2d at 5 (holding that in the case of a 
misidentification, “the plaintiff has sued the wrong party and limitations is 
not tolled”); State Office of Risk Mgmt. v. Herrera, No. 07-07-0288-CV, 
2009 WL 1491870, at *3 (Tex. App.—Amarillo May 28, 2009, no pet.) (holding that statute of limitations was not tolled when the 
State Office of Risk Management sued the Texas Municipal League 
Intergovernmental Risk Pool and not a city because they are “separate entities” 
and “not related entities that operate or carry on their respective functions 
under a similar trade name”). We have, however, allowed equitable tolling of the 
statute of limitations even in misidentification cases if the correct party had 
notice of the suit. Flour Bluff Indep. Sch. Dist. v. 
Bass, 133 S.W.3d 272, 274 (Tex. 2004) (per curiam) 
(holding that the statute of limitations may be tolled in a misidentification 
case “if there are two separate, but related, entities that use a similar trade 
name and the correct entity had notice of the suit and was not misled or 
disadvantaged by the mistake.”); Continental Southern Lines, Inc. v. Hilland, 528 S.W.2d 828, 831 (Tex. 1975) (holding that 
“[w]hile the plaintiff made a mistake in her original 
petition as to the defendant that should have been sued, it is our opinion that 
she should be given, under the circumstances here present, an opportunity to 
prove that the Continental Southern Lines, Inc., was cognizant of the facts, was 
not misled, or placed at a disadvantage in obtaining relevant evidence to defend 
the suit”).