

## NUMBER 13-08-00612-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**BANK OF AMERICA, N.A.,** **Appellant,**

**v.**

**JERRY L. BARTH,** **Appellee.**

### On appeal from County Court at Law No. 2
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellee Jerry L. Barth sued Bank of America Corporation claiming that he paid more than he owed on a line of credit. Appellant Bank of America, N.A. answered stating that it was incorrectly named as Bank of America Corporation. Bank of America, N.A. asserted various affirmative defenses and sought recovery of its attorney's fees by counterclaim. The case was tried to a jury. Although the jury found liability against Bank

of America Corporation,[1] the trial court rendered final judgment against Bank of America, N.A.

On appeal, Bank of America, N.A. contends that: (1) the trial court erred in rendering judgment against it because the issue of Bank of America, N.A.'s liability was not before the jury and the court's judgment did not conform to the jury's verdict; (2) the claims are barred by limitations; (3) there was no evidence or insufficient evidence of fraud; (4) the trial court erred by awarding exemplary damages and recovery of attorney's fees; (5) the trial court abused its discretion in its evidentiary rulings; and (6) it was entitled to judgment notwithstanding the verdict or, alternatively, a new trial. We reverse and render.

## I. DISCUSSION

By the first issue, Bank of America, N.A. asserts that the trial court erred in rendering judgment against it because Barth failed to obtain any finding adverse to Bank of America, N.A. *See AlliedSignal, Inc. v. Moran*, 231 S.W.3d 16, 21 (Tex. App.–Corpus Christi 2007, pet. granted, judgm't vacated w.r.m.) (op. on reh'g) (en banc). Bank of America, N.A. further complains that because the judgment grants Barth relief against an entity other than the one against which the jury made findings, it does not conform to the verdict. *See* TEX. R. CIV. P. 301.

## A. Misnomer

Barth originally sued Bank of America Corporation.[2] Bank of America, N.A. appeared and filed its answer as "Bank of America, N.A. incorrectly named as Bank of

---

[1]The jury awarded $28,663.31 in actual damages, $350,000 in exemplary damages capped at $257,326.62, and $350,000 in DTPA damages reduced to $85,989.93. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(b) (Vernon Supp. 2009); TEX. BUS. & COMM. CODE ANN. § 17.50 (Vernon Supp. 2009).

[2]The style of the first amended original petition reads, "Jerry L. Barth vs. Bank of America Corportaion" [sic]; in its opening paragraph, Barth complains "of BANK OF AMERICA COPORATION" [sic]. In the parties section of his petition, Barth also identifies "Bank of America Corporation" as the defendant.

America Corporation."  Throughout pretrial proceedings, Bank of America, N.A. filed documents indicating that it was incorrectly named.  At trial, Robert Messina, Bank of America, N.A.'s representative, testified that Bank of America, N.A., owned the line of credit at issue in this case.[3]  Nonetheless, Barth's pleadings remained unchanged, reflecting what both parties correctly refer to as a "misnomer."[4]

---

[3]Barth also refers this Court to Plaintiff's Exhibit 9, Bank of America, N.A.'s responses to Barth's interrogatories, where Bank of America, N.A. acknowledges that in 1999, Nations Bank, National Association, through merger and name change, became "Bank of America, N.A."  Furthermore, it is undisputed that Bank of America Corporation and Bank of America, N.A. are separate entities and that "Bank of America Corporation, N.A.," referred to *infra*, note 8, is a non-entity.

[4]The Texas Supreme Court recently described a "misnomer" as follows:

A misnomer occurs when a party misnames itself or another party, but the correct parties are involved. *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999) (op. on reh'g) (noting that "[m]isnomer arises when a plaintiff sues the correct entity but misnames it"); *see also Chen v. Breckenridge Estates Homeowners Ass'n, Inc.*, 227 S.W.3d 419, 421 (Tex. App.–Dallas 2007, no pet.) (holding that misnomer occurred when enforcement order [in an underlying summary judgment case] referred to actual plaintiff "Breckenridge Estates Homeowners Association, Inc." as "Breckenridge Park Estates No. 1 and No. 2 Homeowner's Association, a Texas non-profit corporation, also identified in the pleadings and known as Breckenridge Estates Homeowners Association, Inc."); *Pierson v. SMS Fin. II, L.L.C.*, 959 S.W.2d 343, 347 (Tex. App.–Texarkana 1998, no pet.) (determining that misnomer occurred when actual plaintiff, SMS II, instead named another entity, SMS I, in its original petition).  Courts generally allow parties to correct a misnomer so long as it is not misleading. *See, e.g., Enserch* [*Corp. v. Parker*], 794 S.W.2d [2,] . . . 4-5 [(Tex. 1990)] (holding that when a plaintiff misnames a defendant, limitations is tolled and a subsequent amendment of the petition relates back to the date of the original petition); *Chen*, 227 S.W.3d at 420 ("A misnomer does not invalidate a [summary] judgment as between parties where the record and judgment together point out, with certainty, the persons and subject matter to be bound."); *Sheldon v. Emergency Med. Consultants, I.P.A.*, 43 S.W.3d 701, 702 (Tex. App.–Fort Worth 2001, no pet.) ("[W]hen an intended defendant is sued under an incorrect name, the court acquires jurisdiction after service with the misnomer if it is clear that no one was misled or placed at a disadvantage by the error."). . . .

Courts are flexible in these cases because the party intended to be sued has been served and put on notice that it is the intended defendant. *Pierson*, 959 S.W.2d at 347; *see also Charles Brown, L.L.P. v. Lanier Worldwide, Inc*., 124 S.W.3d 883, 895 (Tex. App.–Houston [14th Dist.] 2004, no pet.) (holding that a misnomer does not render a summary judgment void "provided the intention to sue the correct defendant is evident from the pleadings and process, such that the defendant could not have been misled"); *see also Adams v. Consol. Underwriters*, 133 Tex. 26, 124 S.W.2d 840, 841 (Tex. 1939) ("When a corporation intended to be sued is sued and served by a wrong corporate name . . . and suffers judgment to be obtained, it is bound by such judgment . . . .").

*In re Greater Houston Orthopaedic Specialists, Inc*., 295 S.W.3d 323, 325-26 (Tex. 2009) (per curiam) (orig. proceeding).  Texas courts have recognized a distinction between misnomer and misidentification. *Enserch*

After the parties rested, Bank of America, N.A. requested a directed verdict, arguing, in part, the following:

> [T]he party to this case is Bank of America Corporation. Bank of America Corporation didn't have anything to do with this loan. We're Bank of America, N.A. as we testified here today.
>
> So we're entitled to directed verdict on that basis too. Bank of America Corporation never loaned any money or had anything to do with Mr. Barth.

Barth responded that,

> If you look at the documents which have the heading Bank of America, they say Bank of America on it. If that's an issue, I'll ask for a trial amendment to amend to correct the name because it's clearly a misnomer if that's the issue to correct the name to Bank of America, N.A. instead of Bank of America Corporation to correct the misnomer.
>
> As the Court's well aware, trial amendments in order to correct misnomers, things of that such, should be liberally granted at times even after a verdict's come in if that's the issue.

The trial court denied Bank of America, N.A.'s request for a directed verdict. It did not rule on Barth's requested trial amendment.

At the charge conference, when the jury charge continued to identify the defendant as Bank of America Corporation, Bank of America, N.A. again objected on the basis that there was no evidence that Bank of America Corporation ever had any relationship with Barth. In response, the following exchange occurred between Barth's counsel and the trial court:

> [COUNSEL]:        I would like a ruling from the Court granting my trial amendment in the event that it's necessary to correct

---

*Corp.*, 794 S.W.2d at 4. A misnomer is when the plaintiff misnames the correct defendant, while a misidentification occurs when two separate legal entities with similar names actually exist and the plaintiff sues the wrong one because he is mistaken about which entity is the correct defendant. *Chilkewitz*, 22 S.W.3d at 828. Because Barth was not mistaken about which entity was the correct defendant, this is not a case of misidentification. *See id.*

4

the name Bank of America to Bank of America, N.A. If that's what the reasoning for the last issue was that there's a misnomer and it's supposed to be Bank of America N.A. as opposed to Bank of America, then I ask that the Court –

THE COURT:  Bank of America Corp. to Bank of America, N.A.?

[COUNSEL]:  N.A., yes. I would ask the Court for a trial amendment to correct that misnomer. We don't have to change anything, but that would be a correction of the -- of a misnomer if it's supposed to be N.A.

THE COURT:  If that's as to a misnomer, that'll be allowed.

Later, Bank of America, N.A. asked the trial court to sign and write "refused" on its requested objections so that the court's ruling would be part of the record. The court responded, "Sure. That'll be fine."

## B. The Jury Charge and Verdict

Although Barth corrected Bank of America, N.A.'s name in his pleadings through his trial amendment, the jury charge was not changed to reflect the correct name of Bank of America, N.A. Barth's jury questions referenced only Bank of America Corporation.[5] Thus, the charge was submitted only on Bank of America Corporation's liability.[6]

---

[5]Bank of America, N.A. was mentioned only once in the entire jury charge; question 14 asked the jury to award attorney's fees to Bank of America, N.A. It is apparent that this question was proposed by Bank of America, N.A. based on its counterclaim for attorney's fees.

[6]The trial court read the charge to the jury as written. Counsel for Bank of America, N.A. never agreed that Bank of America Corporation as used in the charge meant Bank of America, N.A. *Cf. W & F Transp., Inc. v. Wilhelm*, 208 S.W.3d 32, 45 (Tex. App.–Houston [14th Dist.] 2006, no pet.) (op. on reh'g) (rejecting appellants' claim that the jury's findings did not support the verdict against W&F Transportation, Inc. when, at the charge conference, counsel for W&F Transportation, Inc. asserted that "W&F Transportation" as used in the charge meant defendant W&F Transportation, Inc. and even requested that the parties enter a stipulation to this effect, or that the jury be instructed "that W&F Transportation means W&F Transportation, Inc."). Neither did Bank of America, N.A.'s counsel request a stipulation or ask that the jury be instructed to that effect. *Cf. id*.

5

When the verdict was rendered, the jury found that Bank of America Corporation, not Bank of America, N.A., had engaged in a false, misleading, or deceptive act or practice; had engaged in unconscionable conduct; had committed fraud; had made negligent misrepresentations; and had obtained an unjust enrichment.[7]  There were no liability findings against Bank of America, N.A. because there were no issues submitted pertaining to Bank of America, N.A.

"When a jury renders a verdict, any issue which has not been submitted to the jury is waived."  *AlliedSignal*, 231 S.W.3d at 21 (citing *Boatright v. Tex. Am. Title Co.*, 790 S.W.2d 722, 727 (Tex. App.–El Paso 1990, writ dism'd)).  Because the issue of Bank of America, N.A.'s liability was not submitted, that jury issue was waived.  *Id*.

## C.  The Judgment

Moreover, a judgment cannot be rendered on an omitted issue.  *Id*. (citing *Boatright*, 790 S.W.2d at 727); *Sentry Ins. v. Siurek*, 748 S.W.2d 104, 106 (Tex. App.–Houston [1st Dist.] 1987, no writ); *Howard P. Foley Co. v. Cox*, 679 S.W.2d 58, 66 (Tex. App.–Houston [14th Dist.] 1984, no writ) (modifying the judgment to delete liability of two defendants against whom "no special issue was submitted and finding was made"); *see* TEX. R. CIV. P. 301.  "By rendering judgment against [the defendants], in the absence of a special issue or finding of fact, the trial court gave [plaintiff] relief that he was not entitled to."  *Foley*, 679 S.W.2d at 66 (citing TEX. R. CIV. P. 301).

---

[7]When the verdict was read into the record, it was Bank of America Corporation that was identified as the liable entity, not Bank of America, N.A.

6

In this case, the trial court entered judgment against Bank of America, N.A.[8] This judgment should not have been rendered because the issue of Bank of America, N.A.'s liability was never included in the charge. *See AlliedSignal*, 231 S.W.3d at 21. Without such findings, there is no basis for holding Bank of America, N.A. liable. Thus, the trial court gave Barth relief to which he was not entitled. *See Foley*, 679 S.W.2d at 66.

Finally, Texas Rule of Civil Procedure 301 specifically sets out that "[t]he judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict." TEX. R. CIV. P. 301; *see Walker v. Taylor*, 56 S.W.2d 251, 252 (Tex. Civ. App.–Texarkana 1932, no writ) ("There is no principle of law more firmly established than that the judgment must follow and conform to the verdict of the jury in respect to the parties for and against whom it is given."). Because the verdict was against Bank of America Corporation and the judgment was against Bank of America, N.A., the judgment did not conform to the verdict returned in this case. *See* TEX. R. CIV. P. 301.

In response, Barth argues that Bank of America, N.A.'s contentions regarding the omitted jury charge issues and the nonconformity of the judgment and the verdict fail because of the following: (1) Bank of America, N.A. failed to adhere to the requirements of Texas Rule of Civil Procedure 93; (2) Barth obtained a trial amendment curing any alleged defect; and (3) Bank of America, N.A. affirmatively made a counterclaim against

---

[8]The final judgment is incorrectly styled as "Jerry L. Barth vs. Bank of America Corporation, N.A." In describing the course of the proceedings, the final judgment also incorrectly refers to the "Defendant, BANK OF AMERICA CORPORATION, N.A." Appellees explain that "Bank of America Corporation, N.A." is a non-entity, and Barth does not contradict this fact. *See* TEX. R. APP. P. 38.1(g) (providing that "the Court will accept as true the facts stated unless another party contradicts them"). However, the trial court enters judgment against "BANK OF AMERICA, N.A., Defendant" and adjudges that Barth recover damages from "BANK OF AMERICA, N.A., Defendant."

Barth under the name of Bank of America Corporation. We are not persuaded by Barth's arguments.

First, Bank of America, N.A.'s issue in this Court does not involve the requirements of rule 93. *See* TEX. R. CIV. P. 93 (providing for challenges to a defect of a party by affidavit). Once the trial court granted Barth's trial amendment, any misnomer was cured. Barth acknowledges this in his second responsive argument. Therefore, Bank of America, N.A.'s alleged failure to file a verified affidavit challenging the misnomer under rule 93 is not an issue. *See id.* Second, as discussed above, curing the misnomer in the pleadings did not resolve all issues in this case—a case that was tried to a jury. Challenges to the charge, the verdict, and the judgment remained. *See* TEX. R. CIV. P. 301; *AlliedSignal*, 231 S.W.3d at 21; *Boatright*, 790 S.W.2d at 727; *Foley*, 679 S.W.2d at 66. Finally, contrary to Barth's assertion, our review of the record reveals that Bank of America, N.A. filed the counterclaim for attorney's fees, not Bank of America Corporation.

Based on the above, we conclude that the trial court erred in rendering a judgment against Bank of America, N.A. based on the jury's verdict because (1) the issue of Bank of America, N.A.'s liability was not submitted to the jury, (2) a judgment cannot be rendered on an omitted issue, and (3) the judgment did not conform to the verdict returned in this case. We further conclude that the error probably caused the rendition of an improper judgment, as evidenced by the discrepancy between the jury's verdict and the judgment rendered by the trial court. *See* TEX. R. APP. P. 44.1(a). Having so concluded, we sustain Bank of America, N.A.'s first issue and do not address the remaining issues as they would not entitle Bank of America, N.A. to any relief greater than its first issue. *See id.* R. 47.1.

## II. Conclusion

The judgment against Bank of America, N.A. is reversed, and we render a take nothing judgment against Barth. *See* Tex. R. App. P. 43.2(c); *AlliedSignal*, 231 S.W.3d at 23-24; *Foley*, 679 S.W.2d at 66.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
6th day of May, 2010.