NUMBER 13-08-00612-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


BANK OF AMERICA, N.A., Appellant,


v.
 


JERRY L. BARTH, Appellee.

 


On appeal from County Court at Law No. 2


of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion by Justice Rodriguez



 Appellee Jerry L. Barth sued Bank of America Corporation claiming that he paid
more than he owed on a line of credit. Appellant Bank of America, N.A. answered stating
that it was incorrectly named as Bank of America Corporation. Bank of America, N.A.
asserted various affirmative defenses and sought recovery of its attorney's fees by
counterclaim. The case was tried to a jury. Although the jury found liability against Bank
of America Corporation, (1) the trial court rendered final judgment against Bank of America,
N.A.

 On appeal, Bank of America, N.A. contends that: (1) the trial court erred in
rendering judgment against it because the issue of Bank of America, N.A.'s liability was not
before the jury and the court's judgment did not conform to the jury's verdict; (2) the claims
are barred by limitations; (3) there was no evidence or insufficient evidence of fraud; (4)
the trial court erred by awarding exemplary damages and recovery of attorney's fees; (5)
the trial court abused its discretion in its evidentiary rulings; and (6) it was entitled to
judgment notwithstanding the verdict or, alternatively, a new trial. We reverse and render.

I. Discussion

 By the first issue, Bank of America, N.A. asserts that the trial court erred in
rendering judgment against it because Barth failed to obtain any finding adverse to Bank
of America, N.A. See AlliedSignal, Inc. v. Moran, 231 S.W.3d 16, 21 (Tex. App.-Corpus
Christi 2007, pet. granted, judgm't vacated w.r.m.) (op. on reh'g) (en banc). Bank of
America, N.A. further complains that because the judgment grants Barth relief against an
entity other than the one against which the jury made findings, it does not conform to the
verdict. See Tex. R. Civ. P. 301.

A. Misnomer

 Barth originally sued Bank of America Corporation. (2) Bank of America, N.A.
appeared and filed its answer as "Bank of America, N.A. incorrectly named as Bank of
America Corporation." Throughout pretrial proceedings, Bank of America, N.A. filed
documents indicating that it was incorrectly named. At trial, Robert Messina, Bank of
America, N.A.'s representative, testified that Bank of America, N.A., owned the line of
credit at issue in this case. (3) Nonetheless, Barth's pleadings remained unchanged,
reflecting what both parties correctly refer to as a "misnomer." (4)

 After the parties rested, Bank of America, N.A. requested a directed verdict, arguing,
in part, the following:

 [T]he party to this case is Bank of America Corporation. Bank of America
Corporation didn't have anything to do with this loan. We're Bank of
America, N.A. as we testified here today.


 So we're entitled to directed verdict on that basis too. Bank of
America Corporation never loaned any money or had anything to do with Mr.
Barth.


Barth responded that,


 If you look at the documents which have the heading Bank of
America, they say Bank of America on it. If that's an issue, I'll ask for a trial
amendment to amend to correct the name because it's clearly a misnomer
if that's the issue to correct the name to Bank of America, N.A. instead of
Bank of America Corporation to correct the misnomer.

 

 As the Court's well aware, trial amendments in order to correct
misnomers, things of that such, should be liberally granted at times even
after a verdict's come in if that's the issue.


The trial court denied Bank of America, N.A.'s request for a directed verdict. It did not rule
on Barth's requested trial amendment.

 At the charge conference, when the jury charge continued to identify the defendant
as Bank of America Corporation, Bank of America, N.A. again objected on the basis that
there was no evidence that Bank of America Corporation ever had any relationship with
Barth. In response, the following exchange occurred between Barth's counsel and the trial
court:

 [COUNSEL]: I would like a ruling from the Court granting my trial
amendment in the event that it's necessary to correct
the name Bank of America to Bank of America, N.A. If
that's what the reasoning for the last issue was that
there's a misnomer and it's supposed to be Bank of
America N.A. as opposed to Bank of America, then I
ask that the Court -


 THE COURT: Bank of America Corp. to Bank of America, N.A.?


 [COUNSEL]: N.A., yes. I would ask the Court for a trial amendment
to correct that misnomer. We don't have to change
anything, but that would be a correction of the -- of a
misnomer if it's supposed to be N.A.

 THE COURT: If that's as to a misnomer, that'll be allowed.

Later, Bank of America, N.A. asked the trial court to sign and write "refused" on its
requested objections so that the court's ruling would be part of the record.  The court
responded, "Sure. That'll be fine."

B. The Jury Charge and Verdict

 Although Barth corrected Bank of America, N.A.'s name in his pleadings through his
trial amendment, the jury charge was not changed to reflect the correct name of Bank of
America, N.A. Barth's jury questions referenced only Bank of America Corporation. (5) Thus,
the charge was submitted only on Bank of America Corporation's liability. (6)


 When the verdict was rendered, the jury found that Bank of America Corporation,
not Bank of America, N.A., had engaged in a false, misleading, or deceptive act or
practice; had engaged in unconscionable conduct; had committed fraud; had made
negligent misrepresentations; and had obtained an unjust enrichment. (7) There were no
liability findings against Bank of America, N.A. because there were no issues submitted
pertaining to Bank of America, N.A.

 "When a jury renders a verdict, any issue which has not been submitted to the jury
is waived." AlliedSignal, 231 S.W.3d at 21 (citing Boatright v. Tex. Am. Title Co., 790
S.W.2d 722, 727 (Tex. App.-El Paso 1990, writ dism'd)). Because the issue of Bank of
America, N.A.'s liability was not submitted, that jury issue was waived. Id.

C. The Judgment

 Moreover, a judgment cannot be rendered on an omitted issue. Id. (citing Boatright,
790 S.W.2d at 727); Sentry Ins. v. Siurek, 748 S.W.2d 104, 106 (Tex. App.-Houston [1st
Dist.] 1987, no writ); Howard P. Foley Co. v. Cox, 679 S.W.2d 58, 66 (Tex. App.-Houston
[14th Dist.] 1984, no writ) (modifying the judgment to delete liability of two defendants
against whom "no special issue was submitted and finding was made"); see Tex. R. Civ.
P. 301. "By rendering judgment against [the defendants], in the absence of a special issue
or finding of fact, the trial court gave [plaintiff] relief that he was not entitled to." Foley, 679
S.W.2d at 66 (citing Tex. R. Civ. P. 301).

 In this case, the trial court entered judgment against Bank of America, N.A. (8) This
judgment should not have been rendered because the issue of Bank of America, N.A.'s
liability was never included in the charge. See AlliedSignal, 231 S.W.3d at 21. Without
such findings, there is no basis for holding Bank of America, N.A. liable. Thus, the trial
court gave Barth relief to which he was not entitled. See Foley, 679 S.W.2d at 66.

 Finally, Texas Rule of Civil Procedure 301 specifically sets out that "[t]he judgment
of the court shall conform to the pleadings, the nature of the case proved and the verdict." 
Tex. R. Civ. P. 301; see Walker v. Taylor, 56 S.W.2d 251, 252 (Tex. Civ. App.-Texarkana
1932, no writ) ("There is no principle of law more firmly established than that the judgment
must follow and conform to the verdict of the jury in respect to the parties for and against
whom it is given."). Because the verdict was against Bank of America Corporation and the
judgment was against Bank of America, N.A., the judgment did not conform to the verdict
returned in this case. See Tex. R. Civ. P. 301.

 In response, Barth argues that Bank of America, N.A.'s contentions regarding the
omitted jury charge issues and the nonconformity of the judgment and the verdict fail
because of the following: (1) Bank of America, N.A. failed to adhere to the requirements
of Texas Rule of Civil Procedure 93; (2) Barth obtained a trial amendment curing any
alleged defect; and (3) Bank of America, N.A. affirmatively made a counterclaim against
Barth under the name of Bank of America Corporation. We are not persuaded by Barth's
arguments.

 First, Bank of America, N.A.'s issue in this Court does not involve the requirements
of rule 93. See Tex. R. Civ. P. 93 (providing for challenges to a defect of a party by
affidavit). Once the trial court granted Barth's trial amendment, any misnomer was cured. 
Barth acknowledges this in his second responsive argument. Therefore, Bank of America,
N.A.'s alleged failure to file a verified affidavit challenging the misnomer under rule 93 is
not an issue. See id. Second, as discussed above, curing the misnomer in the pleadings
did not resolve all issues in this case--a case that was tried to a jury. Challenges to the
charge, the verdict, and the judgment remained. See Tex. R. Civ. P. 301; AlliedSignal, 231
S.W.3d at 21; Boatright, 790 S.W.2d at 727; Foley, 679 S.W.2d at 66. Finally, contrary to
Barth's assertion, our review of the record reveals that Bank of America, N.A. filed the
counterclaim for attorney's fees, not Bank of America Corporation.

 Based on the above, we conclude that the trial court erred in rendering a judgment
against Bank of America, N.A. based on the jury's verdict because (1) the issue of Bank
of America, N.A.'s liability was not submitted to the jury, (2) a judgment cannot be rendered
on an omitted issue, and (3) the judgment did not conform to the verdict returned in this
case. We further conclude that the error probably caused the rendition of an improper
judgment, as evidenced by the discrepancy between the jury's verdict and the judgment
rendered by the trial court. See Tex. R. App. P. 44.1(a). Having so concluded, we sustain
Bank of America, N.A.'s first issue and do not address the remaining issues as they would
not entitle Bank of America, N.A. to any relief greater than its first issue. See id. R. 47.1.

II. Conclusion

 The judgment against Bank of America, N.A. is reversed, and we render a take
nothing judgment against Barth. See Tex. R. App. P. 43.2(c); AlliedSignal, 231 S.W.3d at
23-24; Foley, 679 S.W.2d at 66.

 

 NELDA V. RODRIGUEZ

 Justice


Delivered and filed the 

6th day of May, 2010.
1. The jury awarded $28,663.31 in actual damages, $350,000 in exemplary damages capped at
$257,326.62, and $350,000 in DTPA damages reduced to $85,989.93. See Tex. Civ. Prac. & Rem. Code Ann.
§ 41.008(b) (Vernon Supp. 2009); Tex. Bus. & Comm. Code Ann. § 17.50 (Vernon Supp. 2009).
2. The style of the first amended original petition reads, "Jerry L. Barth vs. Bank of America Corportaion" 
[sic]; in its opening paragraph, Barth complains "of BANK OF AMERICA COPORATION" [sic]. In the parties
section of his petition, Barth also identifies "Bank of America Corporation" as the defendant.
3. Barth also refers this Court to Plaintiff's Exhibit 9, Bank of America, N.A.'s responses to Barth's
interrogatories, where Bank of America, N.A. acknowledges that in 1999, Nations Bank, National Association,
through merger and name change, became "Bank of America, N.A." Furthermore, it is undisputed that Bank
of America Corporation and Bank of America, N.A. are separate entities and that "Bank of America
Corporation, N.A.," referred to infra, note 8, is a non-entity.
4. The Texas Supreme Court recently described a "misnomer" as follows:


 A misnomer occurs when a party misnames itself or another party, but the correct parties are
involved. Chilkewitz v. Hyson, 22 S.W.3d 825, 828 (Tex. 1999) (op. on reh'g) (noting that
"[m]isnomer arises when a plaintiff sues the correct entity but misnames it"); see also Chen
v. Breckenridge Estates Homeowners Ass'n, Inc., 227 S.W.3d 419, 421 (Tex. App.-Dallas
2007, no pet.) (holding that misnomer occurred when enforcement order [in an underlying
summary judgment case] referred to actual plaintiff "Breckenridge Estates Homeowners
Association, Inc." as "Breckenridge Park Estates No. 1 and No. 2 Homeowner's Association,
a Texas non-profit corporation, also identified in the pleadings and known as Breckenridge
Estates Homeowners Association, Inc."); Pierson v. SMS Fin. II, L.L.C., 959 S.W.2d 343, 347
(Tex. App.-Texarkana 1998, no pet.) (determining that misnomer occurred when actual
plaintiff, SMS II, instead named another entity, SMS I, in its original petition). Courts
generally allow parties to correct a misnomer so long as it is not misleading. See, e.g.,
Enserch [Corp. v. Parker], 794 S.W.2d [2,] . . . 4-5 [(Tex. 1990)] (holding that when a plaintiff
misnames a defendant, limitations is tolled and a subsequent amendment of the petition
relates back to the date of the original petition); Chen, 227 S.W.3d at 420 ("A misnomer does
not invalidate a [summary] judgment as between parties where the record and judgment
together point out, with certainty, the persons and subject matter to be bound."); Sheldon v.
Emergency Med. Consultants, I.P.A., 43 S.W.3d 701, 702 (Tex. App.-Fort Worth 2001, no
pet.) ("[W]hen an intended defendant is sued under an incorrect name, the court acquires
jurisdiction after service with the misnomer if it is clear that no one was misled or placed at
a disadvantage by the error."). . . .


 Courts are flexible in these cases because the party intended to be sued has been served
and put on notice that it is the intended defendant. Pierson, 959 S.W.2d at 347; see also
Charles Brown, L.L.P. v. Lanier Worldwide, Inc., 124 S.W.3d 883, 895 (Tex. App.-Houston
[14th Dist.] 2004, no pet.) (holding that a misnomer does not render a summary judgment
void "provided the intention to sue the correct defendant is evident from the pleadings and
process, such that the defendant could not have been misled"); see also Adams v. Consol.
Underwriters, 133 Tex. 26, 124 S.W.2d 840, 841 (Tex. 1939) ("When a corporation intended
to be sued is sued and served by a wrong corporate name . . . and suffers judgment to be
obtained, it is bound by such judgment . . . .").


In re Greater Houston Orthopaedic Specialists, Inc., 295 S.W.3d 323, 325-26 (Tex. 2009) (per curiam) (orig.
proceeding). Texas courts have recognized a distinction between misnomer and misidentification. Enserch
Corp., 794 S.W.2d at 4. A misnomer is when the plaintiff misnames the correct defendant, while a
misidentification occurs when two separate legal entities with similar names actually exist and the plaintiff sues
the wrong one because he is mistaken about which entity is the correct defendant. Chilkewitz, 22 S.W.3d at
828. Because Barth was not mistaken about which entity was the correct defendant, this is not a case of
misidentification. See id.
5. Bank of America, N.A. was mentioned only once in the entire jury charge; question 14 asked the jury
to award attorney's fees to Bank of America, N.A. It is apparent that this question was proposed by Bank of
America, N.A. based on its counterclaim for attorney's fees.
6. The trial court read the charge to the jury as written. Counsel for Bank of America, N.A. never agreed
that Bank of America Corporation as used in the charge meant Bank of America, N.A. Cf. W & F Transp., Inc.
v. Wilhelm, 208 S.W.3d 32, 45 (Tex. App.-Houston [14th Dist.] 2006, no pet.) (op. on reh'g) (rejecting
appellants' claim that the jury's findings did not support the verdict against W&F Transportation, Inc. when,
at the charge conference, counsel for W&F Transportation, Inc. asserted that "W&F Transportation" as used
in the charge meant defendant W&F Transportation, Inc. and even requested that the parties enter a
stipulation to this effect, or that the jury be instructed "that W&F Transportation means W&F Transportation,
Inc."). Neither did Bank of America, N.A.'s counsel request a stipulation or ask that the jury be instructed to
that effect. Cf. id.
7. When the verdict was read into the record, it was Bank of America Corporation that was identified
as the liable entity, not Bank of America, N.A.
8. The final judgment is incorrectly styled as "Jerry L. Barth vs. Bank of America Corporation, N.A." 
In describing the course of the proceedings, the final judgment also incorrectly refers to the "Defendant, BANK
OF AMERICA CORPORATION, N.A." Appellees explain that "Bank of America Corporation, N.A." is a non-entity, and Barth does not contradict this fact. See Tex. R. App. P. 38.1(g) (providing that "the Court will accept
as true the facts stated unless another party contradicts them"). However, the trial court enters judgment
against "BANK OF AMERICA, N.A., Defendant" and adjudges that Barth recover damages from "BANK OF
AMERICA, N.A., Defendant."