

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-12-00414-CV

FOUR THOUSAND THIRTY DOLLARS
U.S. CURRENCY ($4,030.00), APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 99,900-E, Honorable Douglas Woodburn, Presiding

August 18, 2014

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

This is a civil forfeiture proceeding under Chapter 59 of the Code of Criminal Procedure.[1] Appellant Miguel Angel Valdez appeals a summary judgment decreeing forfeiture of $4,030.00 to appellee the State of Texas. Through a single issue, Valdez argues the trial court erred by not dismissing the case on grounds of standing and capacity. Finding the contention without merit, we will affirm.

---

[1] TEX. CODE CRIM. PROC. ANN. arts. 59.01-59.14 (West 2006 & Supp. 2014).

Background

Valdez does not challenge the sufficiency of the evidence supporting the court's judgment of forfeiture but instead presents a narrow legal question. We therefore mention only those background facts salient to our disposition.

The Potter County district attorney's office filed a petition with the Potter County district clerk entitled "original notice of seizure and intended forfeiture." The style of the case in the pleading's caption read "The State of Texas v. Four Thousand Thirty Dollars U.S. Currency ($4,030.00)." The salutation stated, "THOMAS HIGHTOWER, an officer of the Amarillo Police Department assigned to the Amarillo Police Department Narcotics Unit, in the name and for the State of Texas, files this notice and in support of forfeiture shows the following[.]"[2] The pleading identified the proceeding as one under Chapter 59 of the Code of Criminal Procedure, identified Valdez as "claimant" and alleged cash in the amount of $4,030.00 was seized as contraband. Forfeiture of the cash was requested. The signature block on the instrument was in typical form, beginning with the typewritten name of Potter County District Attorney Randall Sims, followed by the signature of assistant district attorney Richard Martindale, a State Bar of Texas identification number and the required attorney contact information. *See* TEX. R. CIV. P. 57.

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 59.05(a) (West 2006) (civil rules of pleading apply in forfeiture proceeding); 2 Roy W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice § 8:4 (2d ed. 2003) (describing general elements of petition, noting that the formal caption of a petition is usually followed by a salutation to the court, the caption and salutation "are not, strictly speaking, part of the pleading" even though "it is good practice to have them").

Attached to the pleading were two affidavits executed by Hightower, one a schedule of the number and denominations of the bills totaling $4,030.00, the other a "seizing officer's affidavit," in which he identified himself as the officer who seized the cash and described the circumstances under which he seized it, described his investigation of the explanation Valdez gave officers for his possession of it and described his reasons for concluding it was contraband.[3]

Valdez answered by general denial. His answer's style identified "the State of Texas" as the party seeking relief.

After Valdez failed to respond to its requests for admissions, the State moved for summary judgment on its entire case. The style of the motion, like the original notice of forfeiture, identified "the State of Texas" as the party seeking relief in the proceeding. The salutation alleged, "[c]omes now the State of Texas, by and through her 47th District Attorney" and moves for a "summary judgment in favor of plaintiff . . . ." The prayer requested relief in favor of "the State of Texas."

Some six weeks later, Valdez filed a pleading entitled "defendant's supplemental answer and motion to dismiss." The caption of the pleading read like the original notice of seizure and intended forfeiture, indicating the party seeking relief as "the State of Texas." By the pleading, Valdez alleged Thomas Hightower was the only person

---

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 59.03(c) (West Supp. 2014) (stating a peace officer who has custody of property "shall provide the attorney representing the state with a sworn statement that contains a schedule of the property seized, an acknowledgment that the officer has seized the property, and a list of the officer's reasons for the seizure"); *Id.* art. 59.04(b) (West Supp. 2014) (requiring attorney representing the state to attach to the notice of seizure and intended forfeiture the peace officer's sworn statement under art. 59.03).

"named as a party to the filing of this suit." But, Valdez continued, Hightower was not a licensed attorney, the elected district attorney, or "employed as a felony prosecutor by the elected" district attorney. Therefore, concluded Valdez, Hightower had no standing, capacity, or "other authority to bring this suit." The factual allegations of the pleading were not verified. Valdez did not file a response to the State's motion for summary judgment. The record does not indicate the trial court granted Valdez leave to file his amended answer.

The trial court granted the State's motion for summary judgment. The judgment ordered the cash "forfeited to the 47th District Attorney's Office to be conveyed to the Amarillo Police Department pursuant to their local agreement."

Analysis

In his appellate issue, Valdez argues the trial court lacked jurisdiction to render summary judgment because standing and capacity in a forfeiture proceeding under Code of Criminal Procedure Chapter 59 are exclusively conferred by statute on the "attorney representing the state," and the suit here was brought by a law enforcement officer. We review the trial court's summary judgment *de novo*. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005).

Chapter 59 of the Texas Code of Criminal Procedure concerns the forfeiture of contraband. *Approximately $ 14,980.00 v. State,* 261 S.W.3d 182, 185 n.1 (Tex. App.— Houston 14th Dist. 2008, no pet.). Not later than the thirtieth day after a peace officer seizes contraband, a proceeding for its forfeiture must be commenced by the attorney representing the State. TEX. CODE CRIM. PROC. ANN. art. 59.04(a) (West Supp. 2014).

4

"'Attorney representing the state' means the prosecutor with felony jurisdiction in the county in which a forfeiture proceeding is held under this chapter . . . ." TEX. CODE CRIM. PROC. ANN. art. 59.01(1) (West Supp. 2014). The forfeiture proceeding commences when the attorney representing the State "files a notice of the seizure and intended forfeiture in the name of the state" with the proper district clerk. TEX. CODE CRIM. PROC. ANN. art. 59.04(b) (West Supp. 2014). Forfeited property is administered by the attorney representing the State "acting as the agent of the state, in accordance with accepted accounting practices and with the provisions of any local agreement entered into between the attorney representing the state and law enforcement agencies." TEX. CODE CRIM. PROC. ANN. art. 59.06(a) (West Supp. 2014).[4] A forfeiture proceeding under Chapter 59 is an action *in rem* against contraband. *State v. Silver Chevrolet Pickup,* 140 S.W.3d 691, 692 (Tex. 2004) (per curiam) (citing *Hardy v. State,* 102 S.W.3d 123, 126-27 (Tex. 2003)).

Standing is a component of subject matter jurisdiction and can never be waived. *Austin Nursing Ctr. Inc. v. Lovato,* 171 S.W.3d 845, 849 (Tex. 2005); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443, 446 (Tex. 1993). "A plaintiff has standing when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex. 1996). Standing requires the existence of a real controversy between the parties that will be actually determined by the judicial

---

[4] There is one exception, not applicable here. *See* TEX. CODE CRIM. PROC. ANN. art. 59.06(k) (West Supp. 2014) (providing for administration of certain forfeited property by the attorney general).

declaration sought. *AVCO Corp. v. Interstate Southwest, Ltd.,* 251 S.W.3d 632, 649 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (citing *Tex. Ass'n of Bus.,* 852 S.W.2d at 446).

A "personal stake in the controversy" gives a plaintiff standing to bring suit. *AVCO,* 251 S.W.3d at 649. A plaintiff having no legally cognizable interest in the outcome of the case lacks standing to sue on its own behalf, but may be authorized to sue on behalf of another. *Id.* (citing *Nootsie,* 925 S.W.2d at 661 and *Neeley v. W. Orange-Cove Consol. Indep. Sch. Dist.,* 176 S.W.3d 746, 776 (Tex. 2005)). Unlike standing, which concerns "the question of whether a party has an enforceable right or interest," capacity concerns "a party's personal right to come into court." *See AVCO,* 251 S.W.3d at 649 (citing *Austin Nursing Ctr.,* 171 S.W.3d at 849 (internal citation omitted)).

The original notice of seizure and intended forfeiture did not assert that Hightower had a "personal stake in the controversy," *AVCO,* 251 S.W.3d at 649, or claimed a personal interest in the seized cash. By its plain wording, in filing the original notice, Hightower was acting "in the name and for the State of Texas." Nor does the record elsewhere contain any suggestion Hightower claimed standing as an individual to assert forfeiture of the cash. His standing as an individual simply is not at issue here. Nor, for that reason, is the trial court's jurisdiction to adjudicate the forfeiture properly in question.

And, under the circumstances presented by this record, we need not concern ourselves with Hightower's capacity to file the original notice on behalf of the State.

Assistant District Attorney Martindale's naming of Hightower as the person filing the original notice on behalf of the State was no more than a misnomer. "A misnomer occurs when a party misnames itself or another party but the correct parties are involved." *In re Greater Houston Orthopaedic Specialists, Inc.,* 295 S.W.3d 323, 325 (Tex. 2009) (per curiam); *Chen v. Breckenridge Estates Homeowners Ass'n, Inc.,* 227 S.W.3d 419, 420-21 (Tex. App.—Dallas 2007, no pet.) ("A misnomer does not invalidate a judgment as between parties where the record and judgment together point out, with certainty, the persons and subject matter to be bound. . . . A plaintiff misnaming itself is a misnomer" (citations omitted)). "Courts generally allow parties to correct a misnomer so long as it is not misleading." *In re Greater Houston Orthopaedic Specialists, Inc.,* 295 S.W.3d at 325.

Here the record makes abundantly clear from the inception of the forfeiture proceeding the correct parties were involved. To the extent the State's original notice contains a misnomer naming Hightower, the peace officer who seized the contraband, in an incorrect role as the party filing the notice on behalf of the State, correction of the misnomer was made in the motion for summary judgment and the judgment. Hightower neither sought relief in the motion for summary judgment nor was granted relief in the judgment. Neither document mentions Hightower. The motion for summary judgment, submitted by "the State of Texas, by and through her 47th District Attorney" asked for relief in favor of "the State of Texas." As directed by Chapter 59, the judgment ordered the cash "forfeited to the 47th District Attorney's Office to be conveyed to the Amarillo Police Department pursuant to their local agreement." *See* art. 59.06(a) (directing disposition of forfeited property).

If Valdez felt he was denied fair notice[5] of the State's claim, he had at his disposal remedial tools such as special exception[6] and civil discovery. *See* TEX. CODE CRIM. PROC. ANN. art. 59.05(b) (West 2006) (forfeiture proceeding must proceed to trial in same manner as other civil cases); *In re Gore,* 251 S.W.3d 696, 699-700 (Tex. App.—San Antonio 2007, orig. proceeding) (finding, absent authority to the contrary, party to civil forfeiture proceeding had the same right as any other civil litigant to obtain full discovery within a reasonable time, develop defenses, and proceed to trial). But Valdez does not assert he had inadequate notice of the forfeiture proceeding. Nor does he claim to have been confused or mislead to his detriment by the State's original notice.

Finding no merit in Valdez's contention the trial court lacked jurisdiction, and no error in the trial court's judgment of forfeiture, we overrule Valdez's sole issue, and affirm the judgment.

James T. Campbell
Justice

---

[5] *See Low v. Henry,* 221 S.W.3d 609, 612 (Tex. 2007) ("Texas follows a 'fair notice' standard for pleading, in which courts assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy").

[6] The clerk's record contains a special exception filed by Valdez but there is no record indication of a trial court ruling. No issue regarding the special exception is raised on appeal.